■ In the Matter of the Claim of JAMES GILLYARD, Respondent, v. JOHN SPENYOVICS et al., Appellants. WORKMEN'S COMPENSATION BOARD, Respondent. — HERLIHY, J. Appeal by the employer and its carrier from a decision of the Workmen's Compensation Board which affirmed an award to the claimant made on April 2, 1965. The board in its decision noted that it apparently was not disputed that the claimant falsely stated that he had not been employed since the accident at a hearing on October 23, 1964 and subsequent thereto. However, at the hearing on April 2, 1965 he recanted his prior testimony and admitted that he had some earnings since the accident. At the hearing on October 23, 1964 the Referee made an award to September 29, 1964 based on payments volun-

tarily made to such date by the carrier. It must be assumed that this award would have been at reduced earnings had the claimant testified truthfully as to his income, but it also appears that regardless of the misrepresentation, he was entitled to some award at that time. At the April 2, 1965 hearing the Referee made an award at reduced earnings from September 29, 1964 (the ending date of the last award) to April 2, 1965, with payments to continue at reduced earnings. In its application for review the appellants requested that the "finding, decision and award of April 2, 1965, be rescinded in its entirety, and that the case be closed with the payments made to September 29, 1964." This wording implies that the award made at the October 23, 1964 hearing, when there were false representations resulting in overpayment, was not questioned. The issue is whether because of an alleged violation of section 114 of the Workmen's Compensation Law the claimant should receive benefits subsequent to September 29, 1964. The section provides that false representations to obtain benefits render the utterer thereof guilty of a misdemeanor. Assuming that the false representations herein are of such a nature, there is nothing in this section which mandates that the board must disqualify an otherwise eligible claimant from benefits. There is no authority for granting the relief requested, to wit, denying compensation where it is lawfully due and owing. The relief under the statute is of a penal type. Lacking an express directive from the Legislature that benefits are to be denied under the circumstances of this case, we are constrained to affirm the decision of the board. We would note that such an affirmance does not prevent the board under its continuing jurisdiction from giving further consideration to the apparent unjust overpayment resulting from the award of October 23, 1964. Decision affirmed, with costs to the Workmen's Compensation Board. Gibson, P. J., Herlihy, Reynolds, Aulisi and Staley, Jr., JJ., concur in a memorandum decision by Herlihy, J.