■ In the Matter of the Claim of CATHY NAKLICKI, Respondent, v ST. CHARLES HOSPITAL et al., Appellants. WORKERS' COMPENSATION BOARD, Respondent. [638 NYS2d 200] —Appeal from a decision of the Workers' Compensation Board, filed August 19, 1994, which, *inter alia*, ruled that the self-insured employer was responsible for further payment of workers' compensation benefits.

Claimant, a registered nurse, injured her neck while lifting a patient and was awarded workers' compensation benefits. Thereafter, although claimant did not resume nursing duties, she did obtain part-time employment at a medical laboratory. As a result, her case was reopened to determine, *inter alia*, the effect of her postemployment earnings on her award. The Board found, *inter alia*, that claimant was entitled to the continuation of benefits at a reduced rate notwithstanding her failure to disclose her postemployment earnings. Claimant's self-insured employer challenges this decision and argues that claimant's intentional misrepresentation of her postemployment work activities renders her ineligible to receive benefits under Workers' Compensation Law § 114.

We disagree. We find no reason to depart from *Matter of Gillyard v Spenyovics* (27 AD2d 765), in which we held that Workers' Compensation Law § 114 does not render an otherwise eligible claimant ineligible to receive benefits because such claimant made false representations concerning postemployment earnings. Since the Legislature has not seen fit to amend this statute to specifically provide for forfeiture of future benefits in circumstances like those presented here, we decline to disturb the Board's decision.

Cardona, P. J., Mercure, Casey, Yesawich Jr. and Spain, JJ., concur. Ordered that the decision is affirmed, without costs.