■ In the Matter of the Claim of FLORENCIA MACHADO, Appellant, v PLEASANTVILLE FORD, INC., et al., Respondents. WORKERS' COMPENSATION BOARD, Respondent. [759 NYS2d 552] —Mercure, J.P. Appeal from a decision of the Workers' Compensation Board, filed November 30, 2000, which ruled, inter alia, that claimant violated Workers' Compensation Law § 114-a and was disqualified from receiving workers' compensation benefits subsequent to September 26, 1996.

After he was injured while working as an auto mechanic, claimant received workers' compensation benefits of $300 per week from June 1989 until May 1995. Thereafter, claimant's benefits were reduced to $150 per week, the maximum rate for partial disability. In February 1996, the employer's workers' compensation carrier, the State Insurance Fund, arranged for the surveillance of claimant. Claimant was observed driving a taxicab for a few hours on three separate days.

Following a hearing, a Workers' Compensation Law Judge (hereinafter WCLJ) continued the case for further testimony and suspended claimant's payments in the interim. After several more hearings, the WCLJ determined that claimant violated Workers' Compensation Law § 114-a, disqualified claimant from receiving benefits from January 1996 to September 1996, and reinstated benefits of $150 per week subsequent to September 1996.

Upon the employer's appeal, the Workers' Compensation Board remanded the case to the WCLJ to further consider the issue of fraud pursuant to Workers' Compensation Law § 114-a. The WCLJ reaffirmed his earlier decision and the employer again appealed. The Board determined that under Workers' Compensation Law § 114-a, claimant is also disqualified from receiving benefits subsequent to September 26, 1996 because he "receive[d] compensation attributable to the knowing false statements he made regarding his work activity prior to September of 1996." Claimant now appeals.

Workers' Compensation Law § 114-a (1) provides in pertinent part:

"If for the purpose of obtaining compensation pursuant to section [15] of this chapter, or for the purpose of influencing any determination regarding any such payment, a claimant knowingly makes a false statement or representation as to a material fact, such person shall be disqualified from receiving any compensation directly attributable to such false statement or representation. In addition, as determined by the board, the claimant shall be subject to a disqualification or an additional penalty up to the foregoing amount * * *." Here, the alleged misrepresentation occurred during a hearing before the WCLJ on September 26, 1996 when claimant answered "No" to the question, "Sir, since the date of the accident * * * have you continued to do any work?" Although claimant now contends that this question was ambiguous and, therefore, his answer cannot be considered a false statement, he repeatedly conceded before the Board that his statement was false. Instead, claimant argued, as he also does now, that he was entitled to compensation regardless of his false statement and that Workers' Compensation Law § 114-a permits disqualification only if the claimant actually received increased compensation as a result of the false statement or misrepresentation.

We disagree. On review of a Board decision to disqualify a claimant from receiving compensation, "the Board's factual determination * * * [that] a particular claimant has indeed violated the statute by making a false statement or representa-

tion as to a material fact *for the purpose of obtaining benefits or for the purpose of influencing any determination regarding any payment of benefits* will be upheld if supported by substantial evidence" (*Matter of Phelps v Phelps,* 277 AD2d 736, 738 [2000] [emphasis added]; *see Matter of Losurdo v Asbestos Free,* 302 AD2d 703 [2003]). Thus, under Workers' Compensation Law § 114-a, the Board may "cut off the entire monetary award to the claimant or a portion of it when the claimant * * * has *tried* to obtain compensation by making a false statement or falsely representing a material fact when the claimant knew that it was false" (Minkowitz, Practice Commentary, McKinney's Cons Laws of NY, Book 64, Workers' Compensation Law § 114-a, 2003 Pocket Part, at 52 [emphasis added]).

Here, as noted above, claimant repeatedly conceded that he made a false statement regarding his employment-related activities during a hearing on the extent of his disability. Given his concessions and the testimony of the investigator who observed claimant driving the taxi, substantial evidence supports the Board's determination that claimant knowingly made a false representation regarding a material fact for the purpose of obtaining compensation (*see Matter of Singletary v Meloon Foundries,* 302 AD2d 652, 653 [2003]). To the extent that claimant asserted before the Board that he did not know that his activities constituted work because he allegedly was not paid, his argument created a credibility question for the Board to resolve (*see Matter of Losurdo v Asbestos Free, supra* at 705). Inasmuch as the penalty imposed by the Board is specifically authorized by the statute, we decline to disturb it (*see Matter of Phelps v Phelps, supra* at 739-740; *cf. Matter of Naklicki v St. Charles Hosp.,* 224 AD2d 850 [1996]).

Claimant's remaining contentions are either unpreserved (*see Matter of Servidio v North Shore Univ. Hosp.,* 299 AD2d 685, 686 [2002]) or lacking in merit.

Crew III, Peters, Rose and Kane, JJ., concur. Ordered that the decision is affirmed, without costs.