■ In the Matter of the Claim of JAMES OUTERIE, Appellant, v DERLE FARMS, INC., et al., Respondents. WORKERS' COMPENSATION BOARD, Respondent. [761 NYS2d 543] —Mercure, J. Appeal from a decision of the Workers' Compensation Board, filed March 22, 2002, which ruled, inter alia, that claimant had violated Workers' Compensation Law § 114-a and was disqualified from receiving workers' compensation benefits subsequent to January 13, 1997.

In July 1995, claimant sustained a back injury in the course of his employment as the driver of a milk delivery truck. He was paid workers' compensation benefits from July 1995 until January 1997, based upon the finding that he had sustained a mild partial disability. Claimant's benefit payments ceased, however, when it came to light at a hearing, held January 13, 1997 before a Workers' Compensation Law Judge (hereinafter WCLJ), that he had been working in his spouse's delicatessen, a fact that claimant had neglected to mention to either the workers' compensation carrier or his treating health care providers. A panel of the Workers' Compensation Board held that claimant had violated Workers' Compensation Law § 114-a by making material misrepresentations of fact for the purpose of obtaining benefits. He was, accordingly, disqualified from the receipt thereof, effective January 13, 1997, and all benefits that had been paid to him after he began his work-related activities in November 1996 were rescinded.

Substantial evidence supports the Board's decision. As to the conclusion that claimant violated Workers' Compensation Law § 114-a, the misrepresentations in question were made in the course of claimant's initial hearing testimony, wherein he stated that although he had been present at his wife's delicatessen and would occasionally wait on customers, he performed no regular work there and never engaged in "lifting or anything." These statements were contradicted by claimant's testimony at subsequent WCLJ hearings, where he conceded that during the seven months when the delicatessen was in operation, he had worked there 6½ hours a day, five days a week, and his work had included waiting on customers, food preparation, and more strenuous activities such as unpacking deliveries of bundled newspapers and cases of milk and soda. Under the circumstances presented here, these concessions were sufficient to constitute substantial evidence that claimant had violated Workers' Compensation Law § 114-a by making material misstatements of fact in the course of his earlier hearing testimony in order to obtain benefits (*see Matter of Machado v Pleasantville Ford*, 305 AD2d 704 [2003]; *Matter of Phelps v Phelps*, 277 AD2d 736, 739 [2000]).

Claimant contends that the Board is precluded from its implicit annulment of the WCLJ's adjudication that he was partially disabled. The record, however, is replete with evidence that claimant had been engaged in apparently unrestricted physical activity since November 1996. As the sole and final arbiter of witness credibility, the Board was empowered to make any reasonable inferences from the evidence before it, including the inference that claimant was no longer disabled within the meaning of the Workers' Compensation Law (*see Matter of Marshall v Elf Atochem N. Am.*, 285 AD2d 933, 934 [2001]; *Matter of Baumgarten v New York State Banking Dept.*, 279 AD2d 741, 741-742 [2001]). Hence, the Board's decision will not be disturbed.

Cardona, P.J., Peters, Spain and Carpinello, JJ., concur. Ordered that the decision is affirmed, without costs.