■ In the Matter of the Claim of MARY L. TOMLIN, Appellant, v L & B CONTRACT INDUSTRIES, INC., et al., Respondents. WORKERS' COMPENSATION BOARD, Respondent. [763 NYS2d 374] —Lahtinen, J. Appeal from a decision of the Workers' Compensation Board, filed May 9, 2002, which, inter alia, ruled that claimant did not sustain a causally related injury and denied her claim for workers' compensation benefits.

On August 18, 1998, claimant filed a workers' compensation claim asserting that she had injured her back approximately two weeks earlier during the course of her employment. The employer controverted the claim upon several grounds, including that there had not been an accident causing injury to claimant during the course of her employment. Following a hearing at which conflicting evidence was presented, a Workers' Compensation Law Judge (hereinafter WCLJ) found that an accident had occurred during the course of claimant's employment and the case was continued for awards. Shortly thereafter, the employer contended that it learned through an investigation that claimant had been working at a bar while reporting that she was totally disabled and, thus, the workers' compensation carrier sought to disqualify claimant from benefits pursuant to Workers' Compensation Law § 114-a.

At the ensuing hearing regarding claimant's alleged false representations, claimant maintained that, other than watching the bar for a few minutes on infrequent occasions, she had not worked since the accident. Two investigators testified that on several occasions claimant waited on them, prepared their food, brought them beverages and collected payments. They produced two surveillance videotapes taken on five different days that confirmed such actions by claimant, as well as showing her engaged in other physical activities about which she

had testified she no longer engaged in because of her injury. She also reportedly told one of the investigators that she generally worked at the bar from 1:00 P.M. to 5:00 P.M. The employer urged that, in addition to assessing penalties pursuant to Workers' Compensation Law § 114-a, the WCLJ should rescind the prior finding that an accident had occurred based upon the newly discovered evidence regarding claimant's credibility and the continuing jurisdiction afforded by Workers' Compensation Law § 123.

The WCLJ determined that claimant violated Workers' Compensation Law § 114-a and continued the case for an assessment of penalties, but the WCLJ did not rescind the prior determination that a work-related accident had occurred. Both parties appealed to the Workers' Compensation Board. The Board affirmed the finding of a section 114-a violation and further granted the employer's request to rescind the determination that an accident occurred in the course of claimant's employment. After review of the record and considering the new evidence regarding claimant's credibility, the Board found that claimant had not sustained an accident at work. Claimant appeals.

Claimant initially argues that the Board erred in ruling that she violated Workers' Compensation Law § 114-a. The Board's determination regarding the alleged section 114-a violation was factual in nature and, thus, must be upheld if supported by substantial evidence (*see Matter of Losurdo v Asbestos Free*, 302 AD2d 703, 704 [2003], *lv granted* 100 NY2d 504[2003]; *Matter of Phelps v Phelps*, 277 AD2d 736, 738 [2000]). The testimony of the investigators and the surveillance videotapes of claimant provided a sufficient evidentiary basis to support the Board's determination that claimant was engaged in significant work-related activities at the bar in direct contradiction to the representations that she had made to obtain benefits. The Board's determination regarding the section 114-a issue is supported by substantial evidence and, contrary to claimant's contention, is also consistent with the Board's precedent in similar cases (*see e.g. Matter of Machado v Pleasantville Ford*, 305 AD2d 704, 705-706 [2003]; *Matter of Phelps v Phelps, supra*).

Next, claimant argues that the Board's decision to reverse the prior finding of a work-related accident was arbitrary and capricious and not supported by substantial evidence. Pursuant to Workers' Compensation Law § 123, "the Board has plenary authority to modify or rescind its previous decisions" (*Matter of Buchanon v Adirondack Steel Casting Co.*, 175 AD2d

971, 971 [1991]; *see Matter of Adams v Owens Corning Fiberglass*, 288 AD2d 645, 646 [2001]). The prior determination was made after hearing sharply contradictory evidence and was based in part upon crediting claimant's testimony. The Board's decision to revisit that determination was not arbitrary in light of the new evidence eroding claimant's credibility. Moreover, the record contains substantial evidence to support the Board's determination that a work-related accident did not occur.

Claimant's reliance upon *Matter of Rodriguez v Burn-Brite Metals Co.* (300 AD2d 904 [2002], *lv granted* 99 NY2d 509 [2003]) is misplaced. In *Rodriguez*, we addressed the remedies available under Workers' Compensation Law § 114-a for a violation of that statute (*id.* at 906). While in *Rodriguez* we agreed with the Board's interpretation of section 114-a that such statute did not authorize termination of causally related medical treatment, nothing in our holding suggests that the Board cannot—when faced with appropriate circumstances—revisit, under the authority granted to the Board by Workers' Compensation Law § 123, the issue of whether a workplace accident did, in fact, actually occur.

Mercure, J.P., Peters, Carpinello and Mugglin, JJ., concur. Ordered that the decision is affirmed, without costs.