Spain, J.
Appeal from an amended decision of the Workers’ Compensation Board, filed June 29, 2010, which ruled that claimant violated Workers’ Compensation Law § 114-a and permanently disqualified him from receiving future wage replacement benefits.
In March 2000, claimant sustained injuries to his neck and back in the course of his employment as a bus driver. He was awarded workers’ compensation benefits and, in July 2002, was found to be permanently partially disabled. Thereafter, various proceedings were held in connection with, among other things, claimant’s assertion of reduced earnings. In March 2006, the self-insured employer raised the issue of whether claimant had violated Workers’ Compensation Law § 114-a based upon its suspicions concerning possible underreported income by claimant and other questions regarding the ownership of a cleaning business allegedly operated by claimant’s wife. Following further proceedings, a Workers’ Compensation Law Judge determined that claimant had violated Workers’ Compensation Law § 114-a and assessed the mandatory penalty of forfeiture of benefits for the period between January 2002 and January 2005. The Workers’ Compensation Board, in an October 31, 2008 deci *1067 sion, modified that determination so as to include the discretionary penalty of disqualifying claimant from receiving future benefits. Although claimant filed a notice of appeal from that order, in response to claimant’s application for full Board review, the Board filed an amended decision on June 29, 2010 that denied that application, but also issued a superseding decision that effectively rescinded its prior decision. As a result, this Court dismissed claimant’s appeal from the October 2008 decision as moot (82 AD3d 1453 [2011]). Claimant now appeals from the June 2010 amended decision.
We affirm. “Pursuant to Workers’ Compensation Law § 114-a (1), a person may be disqualified from receiving workers’ compensation benefits when he or she knowingly [makes] a false statement or representation as to a material fact for the purpose of obtaining such benefits” (Matter of Martinez v LeFrak City Mgt, 100 AD3d 1110, 1111 [2012] [internal quotation marks and citation omitted]; see Matter of Siddon v Advance Energy Tech., 98 AD3d 1202, 1202 [2012]). Here, the record confirms, among other things, that at a September 2003 hearing, claimant testified that, aside from minimal income earned from an insurance adjusting/investigation business in 2002, he performed no other type of work and received no income after he left his job with the self-insured employer. However, following the submission of relevant tax returns and some of the requested records from the wife’s cleaning business, claimant ultimately admitted, among other things, that, in fact, during the relevant time periods, he had been paid $200 per week by the business and was working 15 to 20 hours per week. Given this inconsistent and contradictory proof and the Board’s authority to resolve credibility issues (see Matter of Siddon v Advance Energy Tech., 98 AD3d at 1203), we find that substantial evidence supports the Board’s ruling (see Matter of Outerie v Derle Farms, 306 AD2d 793 [2003]), including its finding of permanent disqualification; therefore, we find no basis to disturb it (see Matter of Poli v Taconic Correctional Facility, 83 AD3d 1339, 1339-1340 [2011]).
The remaining issues, including claimant’s assertion that the Board abused its discretion in declining to reopen the hearing to accept certain hearsay letters from his accountant, are without merit.* As noted by the Board, claimant declined to produce his accountant to testify in the course of this lengthy litigation despite numerous opportunities for him to do so.
*1068 Mercure, J.P., McCarthy and Egan Jr., JJ., concur. Ordered that the amended decision is affirmed, without costs.

 Although claimant contends that the testimony and evidence produced by the self-insured employer’s accountant were unworthy of belief, credibility determinations are for the Board to make (see Matter of Martinez v LeFrak *1068 City Mgt., 100 AD3d at 1111). In any event, regardless of the accountant’s testimony, it is dispositive herein that the Board based its ruling on claimant’s own testimony inasmuch as it specifically found that claimant violated Workers’ Compensation Law § 114-a “by knowingly making material misrepresentations with respect to his earnings for the purpose of obtaining workers’ compensation benefits.”