In the Matter of the Claim of MATTHEW BOWES, Appellant, v GULINELLO'S TOWN & COUNTRY et al., Respondents. WORKERS' COMPENSATION BOARD, Respondent. [771 NYS2d 266]—

Mercure, J. Appeal from a decision of the Workers' Compensation Board, filed April 5, 2002, which, inter alia, ruled that claimant had violated Workers' Compensation Law § 114-a and was disqualified from receiving additional wage replacement benefits.

Claimant injured his right knee in November 1983 in the course of his employment and sustained a consequential fracture of his left ankle in February 1985. In May 1992, the Workers' Compensation Board classified him as having sustained a permanent partial disability. Claimant underwent a variety of medical treatments and procedures, including surgery on his right knee in April 1999.

Beginning in October 1999, administrative hearings were held on various dates regarding the extent of claimant's physical disability. The Board subsequently determined that claimant had knowingly made false representations regarding a material fact for the purpose of obtaining workers' compensation benefits (*see* Workers' Compensation Law § 114-a). The Board found that he had falsely reported the extent of his physical limita-

tions to the orthopedic surgeon retained by the workers' compensation carrier to conduct a medical examination in July 1999. Specifically, claimant informed the surgeon that his employment-related disabilities incapacitated him from employment "on a physical basis." The Board further ruled that claimant had accrued no compensable lost time since July 1999 and that no further compensation in the form of wage replacement benefits was payable on his claim. Continued medical treatment was authorized as needed and the case was closed. Claimant appeals.

The Board's determination on the issue of whether there has been a violation of Workers' Compensation Law § 114-a is factual in nature and must be upheld if supported by substantial evidence (*see e.g. Matter of Phelps v Phelps*, 277 AD2d 736, 738 [2000]). In this matter, substantial evidence was presented in the form of the testimony given by an investigator retained by the carrier and the surveillance videotapes that he recorded over a period of days in August 1999. In these tapes, claimant is shown performing work-related physical activities on the premises of an auto sales business that are incompatible with his representation of physical disability (*see Matter of Tomlin v L & B Contr. Indus.*, 307 AD2d 682, 683 [2003]). Based upon the record before us, the Board's conclusion that claimant knowingly made false statements for the purpose of obtaining benefits will not be disturbed.

Moreover, claimant's assertion that the terms of Workers' Compensation Law § 114-a were misapplied to his claim lacks merit. Specifically, claimant argues that the Board erred in disqualifying him from receiving future benefits because such benefits are not directly attributable to a false statement. Contrary to claimant's contentions, however, "[n]othing in section 114-a (1) limits disqualification to cases where the false statement or representation negates the existence of a compensable injury. To the contrary, section 114-a (1) allows for penalties to be imposed where a compensable injury exists" (*Matter of Losurdo v Asbestos Free*, 1 NY3d 258, 266 [2003]). Nevertheless, a remittal is necessary here inasmuch as the record does not reveal whether the Board imposed the forfeiture as a mandatory penalty upon a finding of a link between the false statements and the compensation sought or, rather, in the exercise of discretion under section 114-a (1) (*see id.* at 266-267). Upon remittal, if the Board determines, as a matter of discretion, that disqualification is warranted, it should "provide some explanation for its determination in this regard" (*id.* at 267). Claimant's remaining contentions have been considered and found to be without merit.

Cardona, P.J., Carpinello, Rose and Lahtinen, JJ., concur. Ordered that the decision is reversed, without costs, and matter remitted to the Workers' Compensation Board for further proceedings not inconsistent with this Court's decision.