■ In the Matter of the Claim of TOM P. MICHAELS, Appellant, v TOWNE FORD et al., Respondents. WORKERS' COMPENSATION BOARD, Respondent. [780 NYS2d 234]—

Mercure, J.P. Appeal from a decision of the Workers' Compensation Board, filed May 7, 2003, which ruled that claimant violated Workers' Compensation Law § 114-a.

Claimant was awarded workers' compensation benefits for an October 2000 injury sustained to his neck, back and shoulders while moving office furniture during the course of his employment. In January 2002, hearings were held before a Workers' Compensation Law Judge (hereinafter WCLJ) to determine the extent of claimant's daily activities, physical capabilities and possible fraud in seeking workers' compensation benefits. The WCLJ found that claimant did not intentionally make any material misrepresentations in violation of Workers' Compensation Law § 114-a. The Workers' Compensation Board reversed, determining that claimant made false statements to an independent medical examiner regarding his injuries and in testifying with respect to his work activities after October 2000. The Board then returned the case to the WCLJ to render a decision on the penalties to be imposed. Claimant appeals.*

As relevant here, Workers' Compensation Law § 114-a [1] states that "[i]f for the purpose of obtaining compensation . . . or for the purpose of influencing any determination regarding any such payment, a claimant knowingly makes a false statement or representation as to a material fact, such person shall be disqualified from receiving any compensation directly attrib-

---

* Although the Board has not yet determined the penalty to be imposed (*see generally Matter of Losurdo v Asbestos Free*, 1 NY3d 258, 265-267 [2003]), the question of whether claimant violated Workers' Compensation Law § 114-a presents a threshold legal issue that may be dispositive and, thus, the Board's decision is reviewable on appeal (*see Matter of McDowell v La Voy*, 59 AD2d 995, 995 [1977]; *cf. Matter of Malkin v Love Taxi*, 299 AD2d 681, 682 [2002]; *Matter of Salerno v Newsday, Inc.*, 266 AD2d 600, 600 [1999]).

utable to such false statement or representation." Further, the Board may, in its discretion, impose an additional penalty "regardless of whether the false statement or representation enabled the claimant to receive compensation" (*Matter of Losurdo v Asbestos Free*, 1 NY3d 258, 266 [2003]; *see* Workers' Compensation Law § 114-a [1]). The Board's determination of whether a particular claimant has violated the statute will be upheld if supported by substantial evidence (*see Matter of Phelps v Phelps*, 277 AD2d 736, 738 [2000]).

Here, the Board's finding that claimant made false statements regarding material facts is supported by the report and deposition testimony of the independent medical examiner, Ignatius Bertola, that claimant refused to cooperate during the examination, stated that he could not move his neck, back or legs, walked with a slow gait while in the office and then, upon leaving the office, "walked as well as anyone else walked," entered his vehicle without a problem and turned his neck to back out of his parking spot. In addition, claimant's statement at a January 2002 hearing that he had not performed any services for pay or favors for friends in connection with their jobs after October 2000 was directly contradicted by the testimony of a private investigator that she observed claimant perform food delivery services for a "deli" in April 2001. Under the circumstances, we conclude that there was substantial evidence to support the Board's determination (*see Matter of Tomlin v L & B Contr. Indus.*, 307 AD2d 682, 683 [2003]; *Matter of Phelps v Phelps, supra* at 738-739). Claimant's exculpatory testimony regarding these incidents presented a credibility determination for the Board, which is the sole arbiter of witness credibility (*see Matter of Johnson v New York State Dept. of Transp.*, 305 AD2d 927, 928 [2003]).

Crew III, Mugglin, Rose and Lahtinen, JJ., concur. Ordered that the decision is affirmed, without costs.