■ In the Matter of the Claim of FRANKIE DIETER, Appellant, v TRIGEN-CINERGY SOLUTIONS OF ROCHESTER et al., Respondents. WORKERS' COMPENSATION BOARD, Respondent. [787 NYS2d 499]—

Carpinello, J. Appeals from a decision and an amended decision of the Worker's Compensation Board, filed June 30, 2003 and April 8, 2004, which ruled that claimant violated Workers' Compensation Law § 114-a and disqualified him from receiving a schedule loss of use award.

Claimant was receiving workers' compensation benefits stemming from a work-related injury. In January 2002, in connection with his workers' compensation claim, claimant was convicted upon his plea of guilty of the crime of falsifying a business record in the second degree, fined $1,000 and ordered to pay restitution in the amount of $8,080. Claimant admitted

that he materially misrepresented, on a workers' compensation application for additional payment, that he had not earned any wages since his March 2001 injury, had not returned to regular or full-time work and was not self-employed.

Following a January 2003 hearing, a Workers' Compensation Law Judge found that claimant had a 40% schedule loss of use of the right arm entitling him to 124.8 weeks of benefits, directed awards from March 4, 2001 to March 19, 2003 for a sum of $42,560 and assessed a Workers' Compensation Law § 114-a discretionary penalty in the amount of $8,000. The employer and its workers' compensation carrier filed an application for review seeking to disqualify claimant from receiving the schedule loss of use award. The Workers' Compensation Board ruled that claimant violated Workers' Compensation Law § 114-a and, in its discretion, disqualified him from receiving a schedule loss of use award. Claimant appeals contending that the penalty is grossly disproportionate to his offense.

The parties acknowledge that Workers' Compensation Law § 114-a authorizes the Board, in its discretion, to disqualify a claimant who makes a false statement or representation as to a material fact from receiving workers' compensation benefits even though the forfeited compensation is not directly attributable to the false statement or representation "so long as the penalty is not disproportionate to his offense" (*Matter of Losurdo v Asbestos Free,* 1 NY3d 258, 267 [2003]). On the issue of whether full disqualification of the award was justified and not disproportionate to claimant's offense, we find that the Board provided sufficient explanation for its determination (*see id.* at 267; *see also Matter of Bowes v Gulinello's Town & Country,* 3 AD3d 805, 806 [2004]).

The Board's decisions state that workers' compensation fraud is a serious problem and that, under the circumstances presented, claimant's false statements warrant total disqualification from his schedule loss of use award. Claimant admitted that he informed the carrier that he had not returned to work since his injury when in fact he had. After an investigation was conducted by the carrier, claimant conceded that he had been engaged in employment activities since at least January 12, 2001 through July 30, 2001, and claimant was criminally prosecuted for his offense. Accordingly, we conclude that there was substantial evidence to support the Board's determination (*see Matter of Michaels v Towne Ford,* 9 AD3d 733 [2004]).

Peters, J.P., Mugglin and Lahtinen, JJ., concur. Ordered that the decision and amended decision are affirmed, without costs.