In the Matter of the Claim of GENE LOPRESTI, Appellant, v WASHINGTON MILLS et al., Respondents. WORKERS' COMPENSATION BOARD, Respondent. [803 NYS2d 317]—

Kane, J. Appeal from an amended decision of the Workers' Compensation Board, filed April 26, 2004, which ruled that claimant violated Workers' Compensation Law § 114-a and was disqualified from receiving wage replacement benefits.

Claimant injured his knee during an altercation with a

coworker which occurred at the conclusion of his shift on the employer's premises. Claimant initially reported to his employer and two physicians that he sustained the injury when he slipped and fell on ice on the premises of the employer. However, claimant soon admitted that he had fabricated that explanation and provided an accurate explanation of how he had sustained the injury. After a hearing, a Workers' Compensation Law Judge determined that claimant had sustained a compensable injury, had not violated Workers' Compensation Law § 114-a and was entitled to workers' compensation benefits. Upon review, the Workers' Compensation Board modified the decision, finding that claimant had violated Workers' Compensation Law § 114-a and was therefore disqualified from receiving wage replacement benefits. Claimant now appeals.

The Board's determination as to whether a claimant has violated Workers' Compensation Law § 114-a will be upheld if it is supported by substantial evidence in the record (*see Matter of McCormack v Eastport Manor Constr.*, 19 AD3d 826, 828 [2005]; *Matter of Amster v New York City Sheriff's Off.*, 17 AD3d 789, 790 [2005]; *Matter of Michaels v Towne Ford*, 9 AD3d 733, 734 [2004]). Additionally, a claimant's false statement need not affect the compensability of the injury to be material and thus constitute a violation under Workers' Compensation Law § 114-a; rather, it need only be significant to the existence of his or her claim (*see Matter of Losurdo v Asbestos Free*, 1 NY3d 258, 265 [2003]). It is undisputed that claimant knowingly made a false statement in connection with his claim and only admitted the truth upon his coworker's refusal to participate in the deception. Claimant's testimony that his motivation for lying was to protect his coworker from reprimand rather than to protect himself or ensure his receipt of workers' compensation benefits presented a credibility issue which the Board was free to decide against him (*see Matter of Amster v New York City Sheriff's Off., supra* at 790; *Matter of Michaels v Towne Ford, supra* at 734). Inasmuch as the Board provided sufficient explanation for its decision to disqualify claimant from wage replacement benefits, we will not disturb its imposition of this discretionary penalty specifically authorized by the statute (*see Matter of Losurdo v Asbestos Free, supra* at 266-267; *Matter of Dieter v Trigen-Cinergy Solutions of Rochester*, 14 AD3d 748, 749 [2005], *lv dismissed* 4 NY3d 881 [2005]; *Matter of Phelps v Phelps*, 277 AD2d 736, 739-740 [2000]).

Cardona, P.J., Peters, Spain and Carpinello, JJ., concur. Ordered that the amended decision is affirmed, without costs.