■ In the Matter of the Claim of RUPERT A. CLARKE, Appellant, v LOMASNEY COMBUSTION, INC., et al., Respondents. WORKERS' COMPENSATION BOARD, Respondent. [809 NYS2d 633]—

Spain, J.P. Appeal from a decision of the Workers' Compensation Board, filed July 19, 2004, which ruled that claimant violated Workers' Compensation Law § 114-a and was disqualified from receiving additional wage replacement benefits.

Claimant was receiving wage replacement benefits in connection with a work-related injury sustained in 1996. The employer raised an issue of fraud stemming from claimant's failure to disclose that he was engaged in certain employment. Following a hearing, a workers' compensation law judge found that claimant violated Workers' Compensation Law § 114-a. Upon review, the Workers' Compensation Board affirmed the finding that claimant violated Workers' Compensation Law § 114-a and was subject to the mandatory penalty of forfeiture of benefits received as a result of his misrepresentations. The Board fur-

ther sanctioned claimant by permanently disqualifying him from receiving future wage replacement benefits. Claimant now appeals.

The Board's factual finding as to whether there has been a violation of Workers' Compensation Law § 114-a will be upheld if supported by substantial evidence (*see Matter of Dieter v Trigen-Cinergy Solutions of Rochester*, 14 AD3d 748, 749 [2005]; *Matter of Michaels v Towne Ford*, 9 AD3d 733, 734 [2004]; *Matter of Phelps v Phelps*, 277 AD2d 736, 738 [2000]). This standard is clearly met in this case (*see e.g. Matter of Fighera v New York City Dept. of Envtl. Protection*, 303 AD2d 861, 862-863 [2003], *lv denied* 100 NY2d 514 [2003]). Business records, tax documents and claimant's own admissions reveal that he was operating a delicatessen prior to his testimony at a hearing held in June 2001, at which he denied engaging in any kind of employment. Likewise, claimant represented on several of the employer's insurance forms that he was not working when, in fact, the delicatessen was open for business and he was actively engaged in its operation. The fact that claimant had not yet realized a profit from the business does not diminish his obligation to provide true and accurate information regarding his employment activities and such misrepresentations are clearly material to his claim (*see Matter of Johnson v New York State Dept. of Transp.*, 305 AD2d 927, 927-928 [2003]). Additionally, the Board's discretionary decision to disqualify claimant from receiving future wage replacement benefits, based upon the "serious and egregious" nature of his conduct, is specifically authorized under the statute and we decline to disturb it (*see Matter of Peguero v Halo's Rest.*, 24 AD3d 986, 987 [2005]; *Matter of Lopresti v Washington Mills*, 23 AD3d 725 [2005]; *Matter of Johnson v New York State Dept. of Transp., supra* at 928; *Matter of Phelps v Phelps, supra* at 739-740; *see also Matter of Losurdo v Asbestos Free*, 1 NY3d 258 [2003]).

Carpinello, Mugglin, Rose and Lahtinen, JJ., concur. Ordered that the decision is affirmed, without costs.