■ In the Matter of the Claim of FLORENCE J. JACOB, Respondent-Appellant, v NEW YORK CITY TRANSIT AUTHORITY,

Appellant-Respondent. WORKERS' COMPENSATION BOARD, Respondent. [809 NYS2d 618]—

Mercure, J.P. Cross appeals from a decision of the Workers' Compensation Board, filed October 27, 2004, which ruled, inter alia, that claimant violated Workers' Compensation Law § 114-a and disqualified her from receiving wage replacement benefits.

Claimant sustained injuries in a work-related accident in January 2000. In 2003, claimant sought workers' compensation benefits alleging a recurrence of these injuries. An issue arose as to the veracity of the medical history provided by claimant to the employer's independent medical examiners regarding prior similar injuries. Following a hearing, a workers' compensation law judge found that claimant had violated Workers' Compensation Law § 114-a and declined to authorize further medical treatment. Upon review, the Workers' Compensation Board agreed that claimant had violated Workers' Compensation Law § 114-a and disqualified her from receiving wage replacement benefits, but authorized medical treatment for injuries sustained in the January 2000 work-related accident. The employer now appeals and claimant cross-appeals.

The Board's determination that claimant violated Workers' Compensation Law § 114-a will be upheld so long as it is supported by substantial evidence (*see Matter of Lopresti v Washington Mills*, 23 AD3d 725, 726 [2005]; *Matter of Michaels v Towne Ford*, 9 AD3d 733, 734 [2004]). The C-4 forms filed by claimant's treating physicians and the reports filed by the independent medical examiners indicate that claimant represented to them that she did not sustain any prior similar injuries. The record reveals, however, that she did indeed sustain prior similar injuries, including those incurred in a fall and in a motor vehicle accident, and that she received medical treatment for those injuries. The Board was free to reject claimant's explanations for her misrepresentations as incredible (*see id.*). Furthermore, the Board provided sufficient explanation for its determination that denial of medical treatment coverage was inappropriate and that the discretionary penalty of disqualifying claimant from receiving wage replacement benefits was warranted (*see*

*Matter of Rodriguez v Burn-Brite Metals Co.*, 1 NY3d 553, 555-556 [2003]; *Matter of Losurdo v Asbestos Free*, 1 NY3d 258, 265-266 [2003]). We have considered the other arguments raised by claimant and find them to be without merit.

Crew III, Peters, Mugglin and Kane, JJ., concur. Ordered that the decision is affirmed, without costs.