■ In the Matter of the Claim of James A. Losurdo, Appellant, v Asbestos Free, Inc., et al., Respondents. Workers' Compensation Board, Respondent. [814 NYS2d 389]—

Carpinello, J. Appeal from a decision of the Workers' Compensation Board, filed March 17, 2005, which ruled that claimant violated Workers' Compensation Law § 114-a and disqualified him from receiving wage replacement benefits.

The essential underlying facts of this case are more thoroughly set forth in our prior decision (302 AD2d 703 [2003]), where we affirmed a decision of the Workers' Compensation Board which found that claimant had made false material statements in contravention of Workers' Compensation Law § 114-a and disqualified him from receiving wage replacement benefits. The Court of Appeals thereafter upheld that part of the determination which stated that claimant violated Workers' Compensation Law § 114-a. However, the Court of Appeals remitted the matter to the Board to reconsider whether the penalty of permanent disqualification was warranted and to provide the rationale for its decision (1 NY3d 258 [2003]). With the Board having undertaken that endeavor, the sole issue on appeal is whether the Board properly determined that claimant should be permanently disqualified from receiving wage replacement benefits. We find that it did.

Pursuant to Workers' Compensation Law § 114-a (1), the Board possesses the discretionary authority to impose the penalty of total disqualification from wage replacement benefits (*see Matter of Peguero v Halo's Rest.*, 24 AD3d 986, 987 [2005]; *Matter of Lopresti v Washington Mills*, 23 AD3d 725, 726 [2005]). In ordering such a sanction, the Board must set forth an adequate explanation for its determination (*see Matter of Jacob v New York City Tr. Auth.*, 26 AD3d 631, 632 [2006]; *Matter of Lopresti v Washington Mills, supra* at 726). Here, the Board imposed the discretionary penalty of permanent disqualification from wage replacement benefits, reasoning that the penalty was warranted in view of the "serious and egregious" nature of claimant's conduct; namely, the intentional misrepresentation of the truth, both to his treating physicians and while testifying under oath, concerning his previous left knee injuries. In light of the foregoing, we find that the Board's explanation was sufficient and that the penalty was not disproportionate to the offense (*see Matter of Dieter v Trigen-Cinergy Solutions of Rochester*, 14 AD3d 748, 749 [2005], *appeal dismissed* 4 NY3d 881 [2005]). Claimant's remaining assertions, to the extent not expressly addressed herein, have been examined and found to be without merit.

Crew III, J.P., Peters, Lahtinen and Kane, JJ., concur. Ordered that the decision is affirmed, without costs.