■ In the Matter of the Claim of SUSAN HARABEDIAN, Appellant, v NEW YORK HOSPITAL MEDICAL CENTER et al., Respondents. WORKERS' COMPENSATION BOARD, Respondent. [825 NYS2d 569]—

Lahtinen, J. Appeal from a decision of the Workers' Compensation Board, filed May 9, 2005, which, inter alia, ruled that claimant violated Workers' Compensation Law § 114-a and disqualified her from receiving wage replacement benefits.

Claimant was arrested on felony fraud charges for allegedly repeatedly obtaining reimbursements for medical-related expenses from her employers' carrier while also receiving payments for such expenses through her spouse's health insurance. She eventually pleaded guilty to the misdemeanor of petit larceny in satisfaction of the charges. Thereafter, decisions were rendered by separate Workers' Compensation Law Judges in December

2003 and June 2004 continuing the wage replacement benefits of claimant, who had previously been found to have a permanent, partial disability. The workers' compensation carrier sought review by the Workers' Compensation Board in July 2004. The Board determined, among other things, that claimant had violated Workers' Compensation Law § 114-a and that permanent disqualification of wage replacement benefits was an appropriate discretionary penalty. The issues on appeal, as limited by claimant's brief, are whether the Board permitted an untimely review of the December 2003 decision of the Workers' Compensation Law Judge and whether the penalty imposed was disproportionate to claimant's offense.

While review generally should be sought within 30 days, the Board nevertheless has discretion to entertain late applications for review (*see Matter of Cohen v New York City Dept. of Envtl. Protection*, 18 AD3d 1036, 1037 [2005], *lv dismissed* 5 NY3d 872 [2005]). Here, the Board observed that, although Workers' Compensation Law § 114-a was discussed on the record at the hearing underlying the December 2003 decision, that written decision did not expressly address such issue. The Board stated that it would thus review the issue in the interest of justice and also as part of its continuing jurisdiction under Workers' Compensation Law § 123 (*see generally Matter of Rodriguez v Burn-Brite Metals Co.*, 1 NY3d 553, 556 [2003]). Under these circumstances, we are unpersuaded that it was reversible error for the Board to address such issue.

Nor are we persuaded to set aside the discretionary penalty. The Board discussed and set forth a variety of reasons for its action, including the serious problem with workers' compensation fraud, the intent underlying the enactment of Workers' Compensation Law § 114-a, the absence of mitigating circumstances, and the acknowledged criminal scheme employed by claimant. The Board's determination is supported by substantial evidence and is not disproportionate to the underlying offense (*see generally Matter of Jacob v New York City Tr. Auth.*, 26 AD3d 631, 632-633 [2006]; *Matter of Clarke v Lomasney Combustion, Inc.*, 26 AD3d 604, 605 [2006]; *Matter of Dieter v Trigen-Cinergy Solutions of Rochester*, 14 AD3d 748, 749 [2005], *appeal dismissed* 4 NY3d 881 [2005]).

Carpinello, J.P., Rose and Kane, JJ., concur. Ordered that the decision is affirmed, without costs.