■ In the Matter of the Claim of STEVEN HUSAK, Respondent-Appellant, v NEW YORK CITY TRANSIT AUTHORITY, Appellant-Respondent. WORKERS' COMPENSATION BOARD, Respondent. [836 NYS2d 319]—

Cardona, P.J. Cross appeals (1) from a decision of the Workers' Compensation Board, filed September 1, 2004, which, inter alia, denied the employer's request to rescind a finding of work-related injury, and (2) from a decision of said Board, filed June 30, 2006, which ruled that claimant violated Workers' Compensation Law § 114-a and disqualified him from receiving further compensation benefits.

In June 2003, claimant allegedly sustained a work-related injury to his lower back and applied for workers' compensation benefits. The self-insured employer did not dispute the claim. Following a December 2003 hearing, a Workers' Compensation Law Judge (hereinafter WCLJ), among other things, established the claim with regard to claimant's back, awarded benefits and continued the case. Subsequently, in February 2004, the employer sought review and rescission of the WCLJ decision alleging newly discovered evidence and a violation of Workers' Compensation Law § 114-a based upon claimant's failure to disclose prior injuries to his back and neck as a result of a 2002

motor vehicle accident. The Workers' Compensation Board denied the request for rescission but continued the case to develop the record regarding claimant's alleged violation of Workers' Compensation Law § 114-a. Thereafter, the Board concluded that claimant knowingly made a material misrepresentation and disqualified him from receiving further benefits. Both the employer and claimant appeal.

We are unpersuaded by the employer's contention that the Board erred in denying rescission of the decision establishing the claim for benefits. An application for review which offers new and additional evidence that was not in the record nor presented to the WCLJ must state reasons explaining the failure to previously offer such evidence and it is within the discretion of the Board to "deny review and refuse to consider such new or additional evidence if it finds that such evidence could and should have been presented to the [WCLJ]" (12 NYCRR 300.13 [g]; *see Matter of Heustis v Teriele*, 193 AD2d 934, 935 [1993]). While the employer contends that claimant's failure to disclose his injuries from the motor vehicle accident prevented it from accurately assessing his claim, the record establishes that shortly after the June 2003 work-related incident, the employer was aware of claimant's prior involvement in a motor vehicle accident. Nevertheless, as noted by the Board, the employer gave no explanation as to why it waited approximately six months before requesting claimant's medical records regarding any possible injuries from the motor vehicle accident. Under these circumstances, the Board did not abuse its discretion in refusing to consider the newly offered evidence (*see Matter of Heustis v Teriele, supra* at 935).

Turning to the Board's decision finding a violation of Workers' Compensation Law § 114-a, such a determination will be upheld if supported by substantial evidence in the record (*see Matter of Henry v Bass-Masci*, 32 AD3d 635, 636 [2006]). Here, despite the neck and back injuries that claimant sustained in a 2002 motor vehicle accident, claimant answered "No" on four daily activities questionnaires which asked, "Did you have any injuries, illnesses or limitations before this injury?" Claimant's exculpatory testimony that he found the question ambiguous and believed he was only being asked about his work-related injury presented a credibility determination which the Board was free to resolve against him (*see Matter of Jacob v New York City Tr. Auth.*, 26 AD3d 631, 632 [2006]; *Matter of Lopresti v Washington Mills*, 23 AD3d 725, 726 [2005]). In view of the foregoing, the Board's finding that claimant knowingly made a material misrepresentation in violation of Workers' Compensa-

tion Law § 114-a was supported by substantial evidence (*see Matter of Dishaw v Midas Serv. Experts,* 27 AD3d 921, 922 [2006]).

Crew III, Spain, Lahtinen and Kane, JJ., concur. Ordered that the decisions are affirmed, without costs.