In the Matter of the Claim of DIANA JORDAN, Appellant, v SARATOGA COUNTY PUBLIC HEALTH NURSES et al., Respondents. WORKERS' COMPENSATION BOARD, Respondent. [846 NYS2d 409]—

Peters, J. Appeal from a decision of the Workers' Compensation Board, filed March 22, 2006, which ruled that claimant violated Workers' Compensation Law § 114-a and disqualified her from receiving future wage replacement benefits.

Claimant, a registered nurse, sustained work-related injuries to her back, coccyx and left wrist in March 2001. She collected workers' compensation benefits between March 2001 and March 2005, until benefits were suspended due to a finding, by the Workers' Compensation Law Judge (hereinafter WCLJ), that claimant made a false representation in violation of Workers' Compensation Law § 114-a. After a review by the Workers' Compensation Board, the finding of fraud was sustained and the discretionary penalty imposed by the WCLJ was modified to a permanent disqualification from the receipt of further indemnity benefits. Claimant appeals and we affirm.

The Board's determination is based upon substantial evidence and must be upheld (*see Matter of Henry v Bass-Masci,* 32 AD3d 635, 636 [2006]; *Matter of Lopresti v Washington Mills,* 23 AD3d 725, 726 [2005]; *Matter of Phelps v Phelps,* 277 AD2d 736, 738 [2000]). Pursuant to Workers' Compensation Law § 114-a, a claimant may be disqualified from receiving compensation and may be subject to disqualification if he or she knowingly makes a false statement or representation as to a material fact for the purpose of obtaining compensation or influencing a determination regarding the payment of compensation (*see* Workers' Compensation Law § 114-a [1]). The Court of Appeals has found that "a fact is material . . . so long as it is 'significant or essential to the issue or matter at hand'; therefore, a false statement need not affect the dollar value of an award to be material" (*Matter of Losurdo v Asbestos Free,* 1 NY3d 258, 265 [2003],

quoting Black's Law Dictionary 611 [7th ed 1999]; *see Matter of Lopresti v Washington Mills*, 23 AD3d at 726).

Here, claimant received medical treatment for prior injuries to her back and neck in 1996 and 1997. Regarding the 1997 injury, she was prescribed medication, a course of physical therapy and was absent from work for a six-week period while receiving workers' compensation benefits. Despite being specifically questioned concerning previous injuries to her neck and back in connection with her current injury, claimant failed to inform any of the numerous medical professionals that she saw in connection with this injury that she had suffered from prior work-related injuries to her neck and back (*see Matter of Husak v New York City Tr. Auth.*, 40 AD3d 1249, 1249-1250 [2007]; *Matter of Bowes v Gulinello's Town & Country*, 3 AD3d 805, 806 [2004]). Although claimant testified as to her reasons for such "omission," her testimony presented a credibility issue to be resolved by the Board (*see Matter of Husak v New York City Tr. Auth.*, 40 AD3d at 1250; *Matter of Jacob v New York City Tr. Auth.*, 26 AD3d 631, 632 [2006]). Seeing the omission as a false denial of a previous injury to the injured area for which compensation is sought, we agree with the determination that the omission was not only significant but also material (*see Matter of Losurdo v Asbestos Free*, 1 NY3d at 265; *Matter of Husak v New York City Tr. Auth.*, 40 AD3d at 1249-1250).

Next addressing the Board's modification of the penalty imposed by the WCLJ, we find the Board to have met its obligation to provide an explanation for its determination (*see Matter of Losurdo v Asbestos Free*, 1 NY3d at 267; *Matter of McCormack v Eastport Manor Constr.*, 19 AD3d 826, 829 [2005]). As a discretionary penalty in the form of a permanent disqualification has been upheld under similar circumstances (*see e.g. Matter of Retz v Surpass Chem. Co., Inc.*, 39 AD3d 1037, 1039 [2007]; *Matter of Harabedian v New York Hosp. Med. Ctr.*, 35 AD3d 915, 916 [2006]; *Matter of Losurdo v Asbestos Free, Inc.*, 29 AD3d 1072, 1073 [2006], *lv denied* 8 NY3d 805 [2007]), we cannot conclude that it was disproportionate to the underlying offense.

Crew III, J.P., Spain, Lahtinen and Kane, JJ., concur. Ordered that the decision is affirmed, without costs.