■ In the Matter of the Claim of JOHN R. POLI, Appellant, v TACONIC CORRECTIONAL FACILITY et al., Respondents. WORKERS' COMPENSATION BOARD, Respondent. [921 NYS2d 694]—

Kavanagh, J. Appeal from a decision of the Workers' Compensation Board, filed March 4, 2010, which ruled that claimant violated Workers' Compensation Law § 114-a and disqualified him from receiving future wage replacement benefits.

Claimant, a correction officer, sought workers' compensation benefits in October 2007, after falling at work and allegedly injuring his lower back, shoulder, neck, arms and legs. After claimant testified that he had suffered a non-work-related injury to his back in 2006, the employer's workers' compensation carrier raised the issue of the veracity of the medical history provided by claimant to both his own treating physician and the carrier's independent medical examiner regarding the prior 2006 injury. Following hearings, the Workers' Compensation Law Judge determined, among other things, that claimant had violated Workers' Compensation Law § 114-a and barred him from receiving future wage replacement benefits. On review, the Workers' Compensation Board modified this determination, finding that the carrier's failure to timely submit a patient intake form filled out by claimant in conjunction with the independent medical examination precluded the Board from finding claimant in violation of Workers' Compensation Law § 114-a, and claimant was subsequently awarded benefits. The carrier's application for full Board review was granted. On full Board review, the Board found that the patient intake form had been timely filed by the carrier. It therefore rescinded its prior decision and the award of benefits, and affirmed the finding of a Workers' Compensation Law § 114-a violation and the imposition of the discretionary permanent disqualification from future wage replacement benefits. Claimant now appeals.

We affirm. A determination by the Board that a claimant violated Workers' Compensation Law § 114-a will not be

disturbed if supported by substantial evidence (*see Matter of Jacob v New York City Tr. Auth.*, 26 AD3d 631, 632 [2006]). Pursuant to Workers' Compensation Law § 114-a (1), a claimant may be disqualified from receiving compensation if he or she knowingly makes a false statement or representation concerning a material fact. Here, the record establishes that claimant suffered severe pain in his lower back in 2006 and that he sought medical treatment. An MRI taken in April 2006 found evidence of multiple herniated discs and claimant testified that he was out of work for three months as a result of that injury. Claimant's treating physician for the 2007 work-related accident, upon whose report the Workers' Compensation Law Judge found prima facie evidence of an injury to claimant's lumbar spine, testified that, on the provided patient intake form, claimant denied having a previous history of injury to his back. The carrier's medical expert similarly testified that claimant denied having any prior history of an injury to his back on the patient intake form. He further testified that he specifically asked claimant during the examination if he had experienced prior back pain and claimant denied it, and his examination report also notes that claimant denied having a history of a similar condition or accident. When questioned concerning these denials, claimant admitted that he had filled out the intake forms, but stated that either he was not asked about prior back pain on the form or by the examining physicians, or that he could not recall being asked about prior back pain. This created a credibility issue for the Board to resolve (*see Matter of Hadzaj v Harvard Cleaning Serv.*, 77 AD3d 1000, 1001 [2010], *lv denied* 16 NY3d 702 [2011]). Accordingly, in light of the testimony of both examining physicians, substantial evidence supports the Board's determination that claimant made false representations regarding a material fact (*see Matter of Jordan v Saratoga County Pub. Health Nurses*, 45 AD3d 1074, 1075 [2007]; *Matter of Husak v New York City Tr. Auth.*, 40 AD3d 1249, 1250-1251 [2007]; *Matter of Jacob v New York City Tr. Auth.*, 26 AD3d at 632). Further, the Board provided a sufficient explanation for its decision that the discretionary penalty of disqualification from wage replacement benefits was warranted here (*see Matter of Jordan v Saratoga County Pub. Health Nurses*, 45 AD3d at 1075; *Matter of Jacob v New York City Tr. Auth.*, 26 AD3d at 632).

We have reviewed claimant's remaining arguments and find them to be without merit.

Peters, J.P., Spain, Stein and McCarthy, JJ., concur. Ordered that the decision is affirmed, without costs.