Stein, J.
Appeal from an amended decision of the Workers’ Compensation Board, filed July 27, 2011, which ruled that claimant violated Workers’ Compensation Law § 114-a and disqualified her from receiving future wage replacement benefits.
In November 2006, claimant injured her back at work and applied for workers’ compensation benefits. After claimant testified that she had never been treated by a physician for any back pain or injuries and had never missed any work due to back pain prior to her 2006 injury, the employer and its workers’ compensation carrier raised an issue of fraud and challenged claimant’s entitlement to benefits with evidence of prior back injuries and medical treatment. A Workers’ Compensation Law Judge, although admittedly troubled by claimant’s testimony, awarded her benefits. On review, the Workers’ Compensation Board reversed, concluding that claimant had violated Workers’ Compensation Law § 114-a by failing to reveal her prior back injuries and, in an amended decision, assessed the mandatory penalty of forfeiture of benefits attributable to her misrepresentations and disqualified her from receiving future benefits. Claimant now appeals.*
We affirm. “The Board’s determination as to whether a claimant has made a material misrepresentation in violation of Workers’ Compensation Law § 114-a will not be disturbed if supported by substantial evidence” (Matter of Hamza v Steinway & Sons, 88 AD3d 1033, 1033 [2011] [citations omitted]; see Matter of Gillan v New York State Dept. of Corrections, 88 AD3d 1035, 1036 [2011]). Here, although claimant initially testified that she had never injured her back, sought treatment for back pain or missed any time from work due to back pain prior to her 2006 injury, her medical records reflect several complaints of back pain and treatment for back injuries between 1993 and 2006, resulting in numerous missed days from work. Claimant’s later testimony that she did not recall the *1203 injuries or the missed time from work when she initially testified created a credibility issue for the Board’s resolution (see Matter of Poli v Taconic Correctional Facility, 83 AD3d 1339, 1339-1340 [2011]; Matter of Gillan v New York State Dept. of Corrections, 88 AD3d at 1036). Accordingly, we conclude that the Board’s decision that claimant, by failing to disclose her history of back injuries and treatment, made a material misrepresentation in violation of Workers’ Compensation Law § 114-a is supported by substantial evidence and it will not be disturbed (see Matter of Poli v Taconic Correctional Facility, 83 AD3d at 1340). Further, the Board sufficiently set forth its reasons for permanently disqualifying claimant from receiving future benefits (see Matter of Poli v Taconic Correctional Facility, 83 AD3d at 1340; Matter of Jacob v New York City Tr. Auth., 26 AD3d 631, 632 [2006]).
Lahtinen, J.E, Malone Jr., McCarthy and Garry, JJ., concur. Ordered that the amended decision is affirmed, without costs.

 We note that claimant’s pro se notice of appeal refers to an incorrect date of filing of the Board’s amended decision. Inasmuch as there has been no claim of prejudice, we will disregard the error and address the merits of claimant’s appeal (see CPLR 5520 [c]).