McCarthy, J.
Appeal from a decision of the Workers’ Compensation Board, filed June 16, 2010, which ruled that claimant violated Workers’ Compensation Law § 114-a and disqualified him from receiving additional workers’ compensation benefits.
Claimant worked for the employer as a porter while at the same time separately pursuing a career as a professional boxer. On July 30, 2004, claimant took part in a featherweight boxing match at the Mohegan Sun Casino that ended in his disqualification. Casino records and hospital reports show that, in the course of that match, claimant sustained, among other things, an injury to his left bicep. An August 4, 2004 MRI showed a complete tear of claimant’s left bicep and he was informed on August 9, 2004 that surgery would be necessary to repair it. Nonetheless, claimant returned to his duties as a porter and, on August 18, 2004, reported to the employer that he injured his left arm while moving garbage bags. Claimant was taken to the hospital immediately and, on August 20, 2004, he underwent surgery to have his torn left bicep repaired. Citing the August 18, 2004 injury, claimant then filed for workers’ compensation benefits, whereupon it was ultimately determined that he has a 30% schedule loss of use of his left arm. Prior to finalization of this award, however, the employer’s workers’ compensation carrier raised the issue of whether claimant filed a false claim for benefits and/or misrepresented the extent of his injury by failing to disclose the prior July 30, 2004 injury to any of the medical providers who examined him following the claimed August 18, 2004 injury. The Workers’ Compensation Board concluded that, while the record sufficiently showed that claimant sustained a work-related accident on August 18, 2004, the proof also supported a finding of a Workers’ Compensation Law § 114-a violation “based on the claimant’s denial of a prior left arm injury to the multiple medical providers and consultants.” Consequently, it was determined that, while claimant would still *1111 be entitled to medical benefits, he was disqualified from receiving a schedule loss of use award. Claimant now appeals.
We affirm. “Pursuant to Workers’ Compensation Law § 114-a (1), a person may be disqualified from receiving workers’ compensation benefits when he or she knowingly [makes] a false statement or representation as to a material fact for the purpose of obtaining such benefits” (Matter of Donato v Aquarian Designs, Inc., 96 AD3d 1302, 1303 [2012] [internal quotation marks and citations omitted]). Where, as here, the Board’s finding of a statutory violation is supported by substantial evidence, it will not be disturbed (see Matter of Poli v Taconic Correctional Facility, 83 AD3d 1339, 1339-1340 [2011]). While claimant maintains that his left arm was not injured in the July 2004 fight, this created a credibility issue for the Board, “the sole arbiter of witness credibility” (Matter of Michaels v Towne Ford, 9 AD3d 733, 734 [2004]). In any event, the record not only contains proof to the contrary, there is also evidence that claimant’s physician called claimant prior to the August 18, 2004 accident and told him that his left bicep was torn and required surgery. Under these circumstances, the Board’s conclusion that claimant misrepresented his status when he failed to thereafter report the prior injury in his medical history is supported in the record and must be affirmed, regardless of the existence of any proof that might support a contrary result (see Matter of Amster v New York City Sheriff’s Off., 17 AD3d 789, 790 [2005]).
Peters, PJ., Rose, Spain and Garry, JJ., concur. Ordered that the decision is affirmed, without costs.