Lahtinen, J.
Appeal from a decision of the Workers’ Compensation Board, filed December 1, 2011, which ruled that claimant violated Workers’ Compensation Law § 114-a and imposed a penalty.
Claimant sustained a work-related injury in 2003, which resulted in an award of workers’ compensation benefits of $359.41 per week based on a total disability rate. In July 2011, after hearing testimony and viewing surveillance videos taken of claimant on March 17 and 18, and April 1, 2011, a Workers’ Compensation Law Judge (hereinafter WCLJ) concluded that, although claimant was totally disabled, she nevertheless had misrepresented her disabilities in an effort to influence determinations made in connection with her claim. The WCLJ thus found that claimant had violated Workers’ Compensation *1290 Law § 114-a and imposed a discretionary penalty of reducing her weekly benefits by $89.85 to $269.56 for a period of one year beginning June 15, 2011. The Workers’ Compensation Board affirmed the WCLJ’s determination, and claimant now appeals.
While there is a mandatory penalty under Workers’ Compensation Law § 114-a where compensation directly attributable to a false statement or representation is received, a discretionary penalty may be imposed “ ‘regardless of whether the false statement or representation enabled the claimant to receive compensation’ ” (Matter of Michaels v Towne Ford, 9 AD3d 733, 734 [2004], quoting Matter of Losurdo v Asbestos Free, 1 NY3d 258, 266 [2003]). “A determination by the Board that a claimant violated Workers’ Compensation Law § 114-a will not be disturbed if supported by substantial evidence” (Matter of Poli v Taconic Correctional Facility, 83 AD3d 1339, 1339-1340 [2011] [citation omitted]; see Matter of Martinez v LeFrak City Mgt., 100 AD3d 1110, 1111 [2012]). “The Board is the sole arbiter of witness credibility” (Matter of Hammes v Sunrise Psychiatric Clinic, Inc., 66 AD3d 1252, 1252 [2009] [citations omitted]; see Matter of Hadzaj v Harvard Cleaning Serv., 77 AD3d 1000, 1001 [2010], lv denied 16 NY3d 702 [2011]).
Claimant testified that she uses a walker some of the time (such as when she has “a long day”), otherwise uses her cane, “always ha[s] a limp,” is not supposed to drive when taking her medications and, at the relevant time, was basically restricted from any activity. Video evidence revealed that when claimant was at a Board location for a hearing (March 17, 2011) or a medical facility for an independent medical examination (April 1, 2011), she walked laboriously and very slowly, had an obvious limp, and used her walker or cane. However, later those same days, she was recorded moving notably faster with little discernible limp while in parking lots of stores. She was recorded driving and was also recorded on another occasion (March 18, 2011) standing outside her vehicle moving around without assistance while talking on a cell phone and smoking. She was further recorded—albeit with her cane—walking without apparent difficulty down steps in a store as she carried a bag. Her explanations regarding her changing mobility were not credited. The physician who conducted the independent medical examination on April 1, 2011 stated that, after viewing the videos, he would change his opinion from total disability to a moderate, partial disability. Although the WCLJ declined to change claimant’s disability, the WCLJ did decide that a discretionary penalty was warranted. The Board affirmed, concluding that the reasonable *1291 inferences from claimant’s testimony and the surveillance videos established that claimant had attempted to misrepresent her condition to influence the determination regarding benefits. The Board’s decision is supported by substantial evidence in the record and, accordingly, we affirm.
Rose, J.E, McCarthy and Egan Jr., JJ., concur. Ordered that the decision is affirmed, without costs.