*State of New York*
*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered: August 7, 2014          517126
_____

In the Matter of the Claim of
   MONICA SCHUSS,
                Appellant,

     v

DELTA AIRLINES, INC., et al.,         MEMORANDUM AND ORDER
                Respondents.

WORKERS' COMPENSATION BOARD,
                Respondent.
_____


Calendar Date: June 5, 2014

Before: Lahtinen, J.P., McCarthy, Rose, Lynch and Devine, JJ.

_____

     Monica Schuss, Ozone Park, appellant pro se.

     Vecchione, Vecchione & Connors, Garden City Park (Heather N. Babits of counsel), for Delta Airlines, Inc. and another, respondents.

_____

Lahtinen, J.P.

     Appeal from a decision of the Workers' Compensation Board, filed October 9, 2012, which ruled that claimant violated Workers' Compensation Law § 114-a and disqualified her from receiving further workers' compensation benefits.

     Claimant sustained a work-related injury to her left hand in February 2010 and was awarded workers' compensation benefits. At a hearing in May 2011, the employer's workers' compensation carrier raised the issue of whether claimant had violated Workers' Compensation Law § 114-a, based upon alleged

misrepresentations regarding her work activity while receiving benefits. A Workers' Compensation Law Judge (hereinafter WCLJ) thereafter found that claimant had violated Workers' Compensation Law § 114-a and disqualified her from receiving future benefit payments. The Workers' Compensation Board affirmed the WCLJ's decision and claimant appeals.

We affirm. Pursuant to Workers' Compensation Law § 114-a (1), a claimant who "knowingly makes a false statement or representation as to a material fact . . . shall be disqualified from receiving any compensation directly attributable to such false statement or representation." "A determination by the Board that a claimant violated Workers' Compensation Law § 114-a will not be disturbed if supported by substantial evidence" (Matter of Poli v Taconic Correctional Facility, 83 AD3d 1339, 1339-1340 [2011] [citation omitted]). Here, claimant testified on May 11, 2011 that she had not worked for anyone in any capacity during the time following her 2010 injury. The carrier subsequently presented surveillance videos and a written report prepared by a private investigator.[1] The written report and videos taken on May 2, 2011 through May 4, 2011 reflect claimant leaving her home and driving to a chiropractor's office and remaining there for several hours. Claimant is also shown wearing a uniform bearing that office's logo. Further, claimant was filmed leaving the office with another person, running an errand with that person in that person's automobile, and then returning to the office. In our view, the surveillance videos and report constitute substantial evidence supporting the Board's determination that claimant was working after her 2010 injury and concealed her employment for the purposes of receiving benefits.

Claimant also argues that she was deprived of due process in the manner that the hearings were conducted. Specifically, claimant contends that the WCLJ erred in considering the surveillance videos because she was not provided a copy of them

---

[1] Contrary to claimant's contention, the record establishes that she was made aware that the carrier had taken surveillance videos of her prior to her testimony (see Matter of Morelli v Tops Mkts., 107 AD3d 1231, 1232 [2013]).

prior to their viewing.  Even assuming that she did not receive a copy of the videos prior to their viewing, she admittedly had previously received a copy of the investigator's written report. That report contains still photographs taken from the videos and provides a thorough time line and full descriptive narrative of claimant's activities depicted in the videos and filmed by the investigator, who testified and was cross-examined by claimant. Accordingly, we find that claimant was aware of the evidence contained in the videos prior to the hearing and we find no error in the WCLJ's consideration of that evidence (see Workers' Compensation Law § 118).

We also reject claimant's contention that she was denied due process by the WCLJ's rejection of her request to present testimony in rebuttal to the surveillance evidence.  The record reflects that claimant did not request the opportunity to offer rebuttal testimony until after the close of proof and both parties had given summations.  Under these circumstances, the WCLJ's denial of her request was not an abuse of discretion and did not constitute a violation of claimant's due process rights (see Workers' Compensation Law § 118; see generally Employer: Kittantinny Canoe Corp., 2006 WL 1696360, *3, 2006 NY Wrk Comp LEXIS 04836, *6 [WCB No. 9040 4794, June 2, 2006]; Employer: Big V Supermarkets, 2006 WL 1221546, *2, 2006 NY Wrk Comp LEXIS 03716, *5 [WCB Nos. 5920 6605, 0883 2405, Apr. 27, 2006]). Claimant's remaining claims have been considered and found to be without merit.

McCarthy, Rose, Lynch and Devine, JJ., concur.

ORDERED that the decision is affirmed, without costs.



                    ENTER:

                    Robert D. Mayberger
                    Clerk of the Court