Lynch, J.
Appeal from a decision of the Workers’ Compensation Board, filed August 20, 2013, which ruled that claimant violated Workers’ Compensation Law § 114-a and disqualified her from receiving further workers’ compensation benefits.
Claimant sustained a work-related injury to her back in 1992 and was awarded workers’ compensation benefits. In 2011, the employer and its workers’ compensation carrier raised the issue of whether claimant had violated Workers’ Compensation Law § 114-a. After viewing surveillance videos and hearing testimony, a Workers’ Compensation Law Judge found that claimant had violated Workers’ Compensation Law § 114-a and disqualified her from receiving future benefit payments. The Workers’ Compensation Board affirmed this decision and claimant now appeals.
We affirm. Pursuant to Workers’ Compensation Law § 114-a (1), a claimant who “knowingly makes a false statement or representation as to a material fact. . . shall be disqualified from receiving any compensation directly attributable to such false statement or representation.” “A determination by the Board that a claimant violated Workers’ Compensation Law § 114-a will not be disturbed if supported by substantial evidence” (Matter of Poli v Taconic Correctional Facility, 83 AD3d 1339, 1339-1340 [2011] [citation omitted]; accord Matter of Denman v Cobbler’s Rest., 106 AD3d 1289, 1290 [2013]).
Here, claimant testified that she is unable to walk without assistance, is unable to bend over or push or pull anything. Claimant admitted that the surveillance video taken on February 14, 2011 depicted her entering and leaving a Board hearing. In the video, claimant needed assistance from her son in getting in and out of the car and she walked using a cane, with her son supporting her. Video taken approximately 15 minutes after claimant left the hearing, however, shows claimant walking a dog in a parking lot without difficulty, bending over to pick up the dog and getting into her car without assistance. Although claimant testified that the individual depicted walking the dog was not her, despite the fact that the individual was wearing the same clothes that claimant was admittedly wearing 15 minutes earlier, the investigator who conducted the surveillance testified that he followed claimant from the hear *1069 ing and that it was her who he filmed walking the dog. This presented a credibility issue for the Board to resolve (see Matter of Borgal v Rochester-Genesee Regional Transp. Auth., 108 AD3d 914, 915 [2013]; Matter of Church v Arrow Elec., Inc., 69 AD3d 983, 985 [2010]). In our view, the Board’s decision that claimant made false representations regarding material facts is supported by substantial evidence in the record and, accordingly, it will not be disturbed. Claimant’s remaining arguments have been examined and found to be without merit.*
McCarthy, J.P., Devine and Clark, JJ., concur. Ordered that the decision is affirmed, without costs.

 Contrary to claimant’s brief, the record shows that the workers’ compensation carrier provided the additional video surveillance DVDs to her on May 2, 2012, as directed by the Workers’ Compensation Law Judge at the conclusion of the April 10, 2012 hearing. While the Workers’ Compensation Law Judge authorized the parties to submit further memoranda of law once the video was delivered, only the carrier provided a further brief.