Matter of Ortiz v Maintenance (2021 NY Slip Op 06410)





Matter of Ortiz v Maintenance


2021 NY Slip Op 06410


Decided on November 18, 2021


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered:November 18, 2021

532221
[*1]In the Matter of the Claim of Manuel Ortiz, Appellant,
v
Calvin Maintenance et al., Respondents. Workers' Compensation Board, Respondent.

Calendar Date:October 12, 2021

Before:Garry, P.J., Lynch, Aarons, Pritzker and Reynolds Fitzgerald, JJ.

Ginarte Gallardo Gonzalez Winograd, LLP, New York City (Timothy Norton of counsel), for appellant.
LOIS LLC, Paramus, New Jersey (Jeremy L. Janis of counsel), for Calvin Maintenance and another, respondents.



Lynch, J.
Appeal from a decision of the Workers' Compensation Board, filed March 23, 2020, which ruled, among other things, that claimant violated Workers' Compensation Law § 114-a and disqualified him from receiving future indemnity benefits.
In August 2009, claimant, a laborer, sustained work-related injuries when he fell off a ladder, and his subsequent claim for workers' compensation benefits (hereinafter the 2009 claim) was established for injuries to his head, neck and back and later amended to include a consequential psychiatric condition. In a September 2012 decision, a Workers' Compensation Law Judge (hereinafter WCLJ) found, among other things, that claimant had no further disability after July 28, 2012 that was causally related to the 2009 claim, and, following claimant's administrative appeal to the Workers' Compensation Board to challenge that finding, the Board affirmed the decision of the WCLJ.
In June 2013, claimant sustained various injuries when a light fixture that he was working on fell on top of him, and the instant claim for workers' compensation benefits was ultimately established for work-related injuries to his right forearm, right shoulder, neck, back and right elbow and amended to include the left shoulder, adjustment disorder with mixed anxiety and depression, and consequential deep vein thrombosis and pulmonary embolism.[FN1] At a June 2017 hearing, the employer and its workers' compensation carrier (hereinafter collectively referred to as the carrier) requested a hearing on the issue of whether claimant violated Workers' Compensation Law § 114-a by failing to disclose his established injuries from the 2009 claim on his C-3 form and to the medical consultants and physicians who provided treatment to him for the injuries he sustained as a result of the June 2013 accident. Following hearings and further development of the record on the issue of claimant's alleged violation of Workers' Compensation Law § 114-a, the WCLJ ultimately determined that claimant had violated Workers' Compensation Law § 114-a by omitting and/or misrepresenting the established injuries that he sustained from the 2009 claim and imposed mandatory and discretionary penalties. Upon administrative appeal, the Board affirmed the decision of the WCLJ, and claimant appeals.
"[A] claimant who, for the purpose of obtaining workers' compensation benefits, 'knowingly makes a false statement or representation as to a material fact . . . shall be disqualified from receiving any compensation directly attributable to such false statement or representation'" (Matter of Kornreich v Elmont Glass Co., Inc., 194 AD3d 1322, 1323 [2021], quoting Workers' Compensation Law § 114-a [1]; see Matter of Sidiropoulos v Nassau Intercounty Express, 178 AD3d 1266, 1267 [2019]; see also Matter of Losurdo v Asbestos Free, 1 NY3d 258, 265 [2003]). "For purposes of Workers' Compensation Law §
114-a, a fact is material . . . so long as it is significant or essential to the issue or matter [*2]at hand" (Matter of Ordaz v Jerrick Assoc. Inc., 194 AD3d 1331, 1332 [2021] [internal quotation marks and citations omitted]; see Matter of Felicello v Marlboro Cent. Sch. Dist., 178 AD3d 1252, 1253 [2019]), and "'an omission of material information may constitute a knowing false statement or misrepresentation'" (Matter of Sanchez v US Concrete, 194 AD3d 1287, 1288 [2021], quoting Matter of Kodra v Mondelez Intl., Inc., 145 AD3d 1131, 1133 [2016]; accord Matter of Young v Acranom Masonary Inc., 193 AD3d 1315, 1316 [2021]). "Whether a claimant has violated Workers' Compensation Law § 114-a is within the province of the Board, which is the sole arbiter of witness credibility, and its decision will not be disturbed if supported by substantial evidence" (Matter of Kornreich v Elmont Glass Co., Inc., 194 AD3d at 1323 [internal quotation marks and citations omitted]; accord Matter of Sanchez v US Concrete, 194 AD3d at 1288).
The record reflects that, although claimant sustained a prior work-related injury in 2009 and received treatment for that injury for several years and as recently as 2015, he failed to disclose this information on the C-3 form that he filed on October 2, 2013 for the instant claim. Claimant also denied ever having a similar condition or prior accident on two separate questionnaires submitted to physicians conducting independent orthopedic examinations in October 2015 and April 2017. Although claimant disclosed the prior injury to Frank Dudak, an orthopedic surgeon who examined claimant in December 2013 on behalf of the carrier, and explained to Dudak that his lower back had recovered, claimant did not reveal the full extent of the prior work-related injuries that he sustained in 2009. Moreover, the record establishes that claimant either failed to inform or consistently denied having sustained a prior work-related injury to his treating physicians and to the carrier's consultants over the course of his treatment for the 2013 work-related injury.[FN2] Although claimant testified that he never intended to hide or conceal the prior work-related injury and attributed his various omissions about the prior injury to communication difficulty and his need for an interpreter, his testimony in this regard presented credibility issues to be resolved by the Board (see Matter of Poli v Taconic Correctional Facility, 83 AD3d 1339, 1340 [2011]; Matter of Jordan v Saratoga County Pub. Health Nurses, 45 AD3d 1074, 1075 [2007]; Matter of Husak v New York City Tr. Auth., 40 AD3d 1249, 1250 [2007]). In view of the foregoing, the Board's finding that claimant knowingly made material omissions and/or misrepresentations in violation of Workers' Compensation Law § 114-a is supported by substantial evidence (see Matter of Williams v New York City Dept. of Corr., 188 AD3d 1382, 1383-1384 [2020]; Matter of Calderon v New York City Dept. of Corr., 144 AD3d 1382, 1384 [2016]; Matter of Jordan v Saratoga County Pub. Health Nurses, 45 AD3d at 1075).
We also [*3]reject claimant's contention that the Board's imposition of the discretionary penalty of permanent disqualification from future indemnity benefit payments was disproportionate to his offense. In imposing the penalty, the Board cited to the "egregious" nature of claimant's misrepresentations regarding his previous injuries that "occurred repeatedly over the course of claimant's treatment and at multiple [independent medical examinations]." In light of the foregoing, we conclude that the Board sufficiently explained its rationale and the imposition of the penalty was not disproportionate to his misrepresentations (see Matter of Losurdo v Asbestos Free, Inc., 1 NY3d at 267; Matter of Hughes v Ferreira Constr. Co., Inc., 191 AD3d 1053, 1055-1056 [2021]; Matter of Poli v Taconic Correctional Facility, 83 AD3d at 1340; Matter of Jordan v Saratoga County Pub. Health Nurses, 45 AD3d at 1075). To the extent that we have not addressed any of claimant's remaining contentions, they are either academic in light of our decision or have been considered and found to be without merit.
Garry, P.J., Aarons, Pritzker and Reynolds Fitzgerald, JJ., concur.
ORDERED that the decision is affirmed, without costs.



Footnotes

Footnote 1: Claimant also sought to amend the 2013 claim to include corda equina syndrome, but we are unable to discern from the record before us whether the 2013 claim was amended to include that condition.

Footnote 2: The record reflects that claimant disclosed his prior work-related injury to Carl Friedman, a physician who examined claimant in December 2017, and to Jeffrey Salkin, an orthopedist who examined claimant in February 2018. However, inasmuch as claimant's disclosures at these examinations occurred well after the June 30, 2017 hearing at which the carrier first raised the issue of claimant's alleged Workers' Compensation Law § 114-a violation, as well as after claimant's testimony on this issue at a September 12, 2017 hearing, these disclosures are of no import to the substantial evidence calculus at hand.