■ In the Matter of the Claim of EVERETT JOHNSON, Appellant, v NEW YORK STATE DEPARTMENT OF TRANSPORTATION et al., Respondents. WORKERS' COMPENSATION BOARD, Respondent. [758 NYS2d 870] —Peters, J. Appeal from a decision and amended decision of the Workers' Compensation Board, filed March 19, 2002 and March 26, 2002, which ruled that claimant violated Workers' Compensation Law § 114-a and was disqualified from receiving additional wage replacement benefits.

Claimant was receiving workers' compensation benefits stemming from a 1992 work-related injury. In 2000, he was convicted upon his plea of guilty of the crime of attempted criminal sale of a controlled substance in the third degree and, during the plea colloquy, admitted that he sold a quantity of crack cocaine for $270. At a subsequent workers' compensation hearing, claimant denied receiving any income from self-employment or other sources since May 1998. The employer's workers' compensation carrier contended that this was a false statement in light of claimant's conviction and sought suspension of his wage benefits pursuant to Workers' Compensation Law § 114-a. A Workers' Compensation Law Judge found that claimant had not understood that this drug sale could be considered income from self-employment, and ruled that he had not knowingly made a false statement. Upon review, the Workers' Compensation Board found that claimant had knowingly made a false statement in violation of Workers' Compensation Law § 114-a and ruled that he was disqualified from receiving further wage replacement benefits.

Workers' Compensation Law § 114-a authorizes the Board to disqualify a claimant from receiving future wage replacement benefits if it finds that the claimant knowingly made a false statement or misrepresented a material fact in order to obtain workers' compensation benefits or to influence any determination regarding such benefits (*see Matter of Phelps v Phelps*, 277 AD2d 736, 738-740 [2000]). At issue here is whether claimant knowingly made a false statement when he denied having received any income since May 1998 after having previously

admitted receiving $270 from a drug sale. Although claimant argued that his statement was not knowingly false because he did not profit from the sale or know that this criminal activity could be considered self-employment, the Board found that he knowingly made a false statement of material fact. Inasmuch as the Board "is the sole and final arbiter of witness credibility" and, thus, entitled to reject claimant's exculpatory testimony (*Matter of Losurdo v Asbestos Free*, 302 AD2d 703, 705 [2003]), substantial evidence supports the Board's conclusion that claimant's statement was knowingly false. As such, the Board's determination to disqualify claimant from receiving future wage replacement benefits was authorized by Workers' Compensation Law § 114-a (*see Matter of Phelps v Phelps, supra*).

Cardona, P.J., Mercure, Carpinello and Lahtinen, JJ., concur. Ordered that the decision and amended decision are affirmed, without costs.