*State of New York*
*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:    June 30, 2016                520871
_____

In the Matter of the Claim of
    SAMUEL R. SNYDER,
                        Respondent,

        v
                                        MEMORANDUM AND ORDER

BETTE CRING et al.,
                        Appellants.

WORKERS' COMPENSATION BOARD,
                        Respondent.
_____


Calendar Date:    June 2, 2016

Before:  McCarthy, J.P., Garry, Lynch, Devine and Aarons, JJ.


_____


        Wolff, Goodrich & Goldman, LLP, Syracuse (Robert E. Geyer
of counsel), for appellants.

        Christine Scofield, Syracuse, for Samuel R. Synder,
respondent.

        Eric T. Schneiderman, Attorney General, New York City
(Marjorie S. Leff of counsel), for Workers' Compensation Board,
respondent.


_____


Garry, J.

        Appeal from a decision of the Workers' Compensation Board,
filed June 27, 2014, which ruled that claimant did not violate
Workers' Compensation Law § 114-a.

        While employed with a construction company, claimant
sustained work-related injuries to his left wrist and left

shoulder and was awarded workers' compensation benefits. The employer and its workers' compensation carrier (hereinafter collectively referred to as the employer) subsequently raised the issue of whether claimant violated Workers' Compensation Law § 114-a by not disclosing any prior similar injuries involving his left shoulder and wrist. The Workers' Compensation Law Judge ruled that claimant did not violate Workers' Compensation Law § 114-a and continued compensation benefits. The Workers' Compensation Board affirmed that decision and this appeal by the employer ensued.

We affirm. Workers' Compensation Law § 114-a (1) provides that a claimant who "knowingly makes a false statement or representation as to a material fact . . . shall be disqualified from receiving any compensation directly attributable to such false statement or representation." Furthermore, "[t]he Board is the sole arbiter of witness credibility and its determination that [a] claimant violated Workers' Compensation Law § 114-a will be upheld if supported by substantial evidence" (Matter of Petrillo v Comp USA, 131 AD3d 1282, 1283 [2015] [internal quotation marks and citation omitted]; see Matter of Hershewsky v Community Gen. Hosp., 125 AD3d 1068, 1068 [2015]). Here, claimant testified that he did inform the doctors and the employer's examining consultant about the left shoulder and wrist pain that he experienced on and off for years prior to the accident and that some of the doctors' notes were inaccurate. Claimant's medical records reflect that he previously had received treatment for the pain he experienced. Although claimant answered "No" to the question on the C-3 employee claim form that asked if he "remember[ed] having another injury to the same body part or a similar illness," he explained that he did not consider pain and injury to be synonymous. The Board credited claimant's exculpatory explanation that he considered an injury to be more than the mere presence of pain (see Matter of Monroe v Town of Chester, 42 AD3d 862, 864-865 [2007]; Matter of Husak v New York City Tr. Auth., 40 AD3d 1249, 1250 [2007]), and we find that substantial evidence supports the Board's decision that claimant did not violate Workers' Compensation Law § 114-a by knowingly making false statements concerning a material fact.

McCarthy, J.P., Lynch, Devine and Aarons, JJ., concur.


ORDERED that the decision is affirmed, without costs.



ENTER:

Robert D. Mayberger
Clerk of the Court