*State of New York*
*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:  December 1, 2016                522342
_____

In the Matter of the Claim of
    KEITH KODRA,
                        Appellant,

        v

MONDELEZ INTERNATIONAL, INC.
    et al.,                                MEMORANDUM AND ORDER
                        Respondents.

WORKERS' COMPENSATION BOARD,
                        Respondent.
_____


Calendar Date:  October 18, 2016

Before:  Peters, P.J., Garry, Devine, Clark and Aarons, JJ.


_____


        Buckley, Mendleson, Criscione & Quinn, PC, Albany (Rebeccah
W. Kane of counsel), for appellant.

        Walsh & Hacker, Albany (Matthew C. Kidd of counsel), for
Mondelez International, Inc. and another, respondents.


_____


Garry, J.

        Appeal from a decision of the Workers' Compensation Board,
filed March 24, 2015, which ruled that claimant violated Workers'
Compensation Law § 114–a and disqualified him from receiving
future wage replacement benefits.

        Claimant had an established claim for a work-related injury
to his shoulder in January 2013, after which he continued to work
light duty until he underwent shoulder surgery in May 2013.
Claimant was thereafter classified as temporarily totally

disabled and remained out of work, receiving wage replacement benefits until October 2013, when he returned to regular duty work. The employer raised the issue of whether claimant had violated Workers' Compensation Law § 114-a and submitted video surveillance taken in July and August 2013 that captured him performing lawn mowing and some related activities. Following a hearing at which claimant admitted that he had collected temporary total disability benefits while actively working in his lawn care business, a Workers' Compensation Law Judge concluded that claimant had not violated Workers' Compensation Law § 114-a. The Workers' Compensation Board reversed, finding that a statutory violation had been established. The Board imposed a penalty equal to the wage replacement benefits paid to claimant between August 12, 2013 and October 8, 2013 and, further, permanently disqualified him from receiving any future wage replacement payments. Claimant appeals.

Workers' Compensation Law § 114—a (1) provides that a claimant who "knowingly makes a false statement or representation as to a material fact . . . shall be disqualified from receiving any compensation directly attributable to such false statement or representation." Any such compensation already paid to a claimant must be rescinded by the Board (see Workers' Compensation Law § 114—a [1]), which "also has the discretionary authority to disqualify [a] claimant from receiving any future wage replacement benefits" (Matter of Martinez v Kingston City Sch. Dist., 140 AD3d 1421, 1422 [2016]). In making this determination, "the Board is the sole arbiter of witness credibility and its determination that a claimant violated Workers' Compensation Law § 114—a will be upheld if supported by substantial evidence" (Matter of Snyder v Cring, 140 AD3d 1554, 1554 [2016] [internal quotation marks, brackets and citations omitted]).

Claimant testified that in addition to his employment, he has independently owned and operated a lawn care and plowing business since 1994, with no employees. He admitted that, as he improved after his surgery, he resumed performing lawn cutting services approximately twice a week while collecting wage replacement benefits attributable to a temporary total disability from his regular employment, as documented by his treating

surgeon. He testified that he informed the surgeon that he was working part time in his lawn care business and that, after discussing the type of equipment he was using, the surgeon restricted him only from activities that involved lifting his injured arm higher than his shoulder. A note in claimant's medical records submitted by the surgeon to the workers' compensation carrier, included in a report in which the surgeon found claimant to be temporarily totally disabled, also stated that claimant was working part time in his lawn care business.[1] Claimant further testified that, during the period when he was collecting temporary total disability benefits, he twice advised his employer that he wanted to return to light duty work, but was told each time that he could not do so until cleared by his physician.

In a July 2013 intake form for a medical examination requested by the carrier, claimant indicated that he was not working, and he reported the same to the carrier's consultant, whose report reflects that claimant was not working or volunteering "in any manner" and classified him as totally disabled. Claimant testified that he misunderstood the intake form and intended his negative response about work to indicate that he was not working in the primary employment from which he had been found to be temporarily totally disabled. In an August 23, 2013 letter to the carrier, claimant's attorney advised that he was only able to perform supervisory work for the lawn care business; claimant later admitted that he had been performing manual work, but none that violated his surgeon's restrictions against lifting his injured arm. Surveillance video taken of claimant in August 2013 showed him operating a riding lawnmower and briefly using a weed trimmer.

Contrary to claimant's argument, an omission of material information may constitute a knowing false statement or misrepresentation (see Matter of Jordan v Saratoga County Pub. Health Nurses, 45 AD3d 1074, 1074-1075 [2007]). We thus find that substantial evidence supports the Board's credibility

---

[1] Claimant's regular employment required use of his arm and shoulder in repetitive heavy lifting and pushing.

determination that claimant's failure to fully describe and disclose his lawn mowing activities to the carrier and the carrier's consultant at the time of the medical examination constituted knowing false statements to obtain workers' compensation benefits in violation of Workers' Compensation Law § 114-a (1) (see Matter of Martinez v Kingston City Sch. Dist., 140 AD3d at 1423; Matter of Poupore v Clinton County Hwy. Dept., 138 AD3d 1321, 1322-1324 [2016]).

We reach a different conclusion as to the Board's determination permanently disqualifying claimant from receiving any future wage replacement benefits. The applicable standard is that the penalty imposed may not be disproportionate to the underlying misconduct (see Matter of Harp v New York City Police Dept., 96 NY2d 892, 894 [2001]). In cases where this very significant sanction has been approved, the underlying deception has been deemed "egregious" or severe, or there was a lack of mitigating circumstances (Matter of Adams v Blackhorse Carriers, Inc., 142 AD3d 1273, 1275 [2016]; see e.g. Matter of Retz v Surpass Chem. Co., Inc., 39 AD3d 1037, 1038-1039 [2007]; Matter of Harabedian v New York Hosp. Med. Ctr., 35 AD3d 915, 916 [2006]). Here, the Board provided no rationale supporting its determination that this onerous penalty was warranted, and we find inadequate support for such a finding upon review.

Peters, P.J., Devine, Clark and Aarons, JJ., concur.

ORDERED that the decision is modified, without costs, by reversing so much thereof as disqualified claimant from receiving all future wage replacement benefits, and, as so modified, affirmed.

ENTER:

*Robert D Mayberger*

Robert D. Mayberger
Clerk of the Court