■ In the Matter of the Claim of PETER POMPEO, Claimant,
v AUCTION DIRECT USA LP et al., Appellants. WORKERS' COM-
PENSATION BOARD, Respondent. [61 NYS3d 168]—

Clark, J. Appeal from a decision of the Workers' Compensa-
tion Board, filed May 10, 2016, which ruled that claimant did
not violate Workers' Compensation Law § 114-a.

In 2008, claimant established a work-related injury involv-
ing a low back strain and was awarded workers' compensation
benefits. Claimant continued to receive lost wage benefits
through August 15, 2012, at which time his benefits were
suspended on the basis that there was a lack of up-to-date
medical evidence. In January 2013, claimant pleaded guilty to
violating probation* by committing a crime that "involved the
sale of a controlled substance or a narcotic." Two days later, in
an *Alford* plea, claimant further pleaded guilty to criminal sale
of a controlled substance in the third degree and criminal sale
of a controlled substance in the fifth degree. In accordance with
the terms of the negotiated plea agreements, claimant was
sentenced to three concurrent prison terms of three years, fol-
lowed by a period of postrelease supervision.

In 2014, upon his release from prison, claimant applied for
further workers' compensation benefits. The employer and its
workers' compensation carrier (hereinafter collectively referred
to as the employer) opposed claimant's request, alleging, as is
relevant here, that claimant violated Workers' Compensation
Law § 114-a (1) by failing to report income that he earned from
the sale of controlled substances or narcotics while he was
receiving workers' compensation benefits. Following a hearing,
the Workers' Compensation Law Judge ruled, among other
things, that claimant committed fraud by selling narcotics for
money and failing to disclose the income received, and
permanently barred claimant from all lost wage benefits after
February 21, 2012. The Workers' Compensation Board, with
one dissenting panel member, reversed the decision of the
Workers' Compensation Law Judge, finding, among other

---

* In 2010, claimant was sentenced to, among other things, five years of
probation after having been convicted, upon his plea of guilty, of two counts
of criminal sale of a controlled substance in the third degree.

things, that there was insufficient proof that claimant received income from the sale of the narcotics. That determination was affirmed by a vote of 7 to 4 upon full Board review. This appeal by the employer ensued.

Workers' Compensation Law § 114-a (1) provides that, "[i]f for the purpose of obtaining compensation . . . or for the purpose of influencing any determination regarding any such payment, a claimant knowingly makes a false statement or representation as to a material fact, such person shall be disqualified from receiving any compensation directly attributable to such false statement or representation" (*see Matter of Hadzaj v Harvard Cleaning Serv.*, 77 AD3d 1000, 1001 [2010], *lv denied* 16 NY3d 702 [2011]). In making such a determination, the Board is the sole arbiter of witness credibility and its determination as to whether a claimant violated Workers' Compensation Law § 114-a will be upheld if supported by substantial evidence (*see Matter of Cirrincione v Scissors Wizard*, 145 AD3d 1325, 1326 [2016]; *Matter of Kodra v Mondelez Intl., Inc.*, 145 AD3d 1131, 1132 [2016]; *Matter of Lleshi v DAG Hammarskjold Tower*, 123 AD3d 1386, 1387 [2014]).

In support of its assertion that claimant violated Workers' Compensation Law § 114-a (1), the employer submitted the transcripts of the 2012 plea allocutions resulting in claimant's convictions for a violation of probation, criminal sale of a controlled substance in the third degree and criminal sale of a controlled substance in the fifth degree. As a result of recording or transcription errors, the transcript of the *Alford* plea proceeding is, at times, indecipherable. In addition, both transcripts of the 2012 criminal convictions were insufficient to establish that claimant received income while receiving workers' compensation benefits or that he otherwise concealed his work status. Further, the employer did not submit the certificate of conviction for claimant's 2010 convictions or the transcript of that underlying plea allocution. Although we agree with the employer that the Board incorrectly analyzed the 2012 criminal proceedings, we do not find that these inaccuracies warrant reversal and remittal to the Board, given that the Board primarily found that there was insufficient evidence to find a violation of Workers' Compensation Law § 114-a (1) (*compare Matter of Gramza v Buffalo Bd. of Educ.*, 125 AD3d 1074, 1075-1077 [2015]). Accordingly, on this record, we decline to disturb the Board's decision (*compare Matter of Adams v Blackhorse Carriers, Inc.*, 142 AD3d 1273, 1274-1275 [2016]; *Matter of Johnson v New York State Dept. of Transp.*, 305 AD2d 927, 927-928 [2003]). Finally, under the circumstances of this

case, the employer's collateral estoppel argument is without merit (*see Matter of Howard v Stature Elec., Inc.*, 20 NY3d 522, 525-526 [2013]).

McCarthy, J.P., Lynch, Devine and Aarons, JJ., concur. Ordered that the decision is affirmed, without costs.