■ In the Matter of the Claim of JOHN HARRISON, Claimant, v TOWN OF CHEEKTOWAGA et al., Appellants. WORKERS' COMPENSATION BOARD, Respondent. [64 NYS3d 406]—

Mulvey, J. Appeal from a decision of the Workers' Compensation Board, filed April 25, 2016, which ruled, among other things, that claimant did not violate Workers' Compensation Law § 114-a.

In February 1988, claimant sustained certain injuries while working for the employer and, in the years that followed, various workers' compensation awards were made. Although claimant's disability was reclassified on more than one occasion, the parties stipulated in February 2010 that claimant had a permanent partial disability and a 90% loss of wage-earning capacity. In the interim, claimant began working as a

school bus driver in Arkansas, as a result of which his award was reduced to $150 per week based upon a reduced earnings rate. Thereafter, the superintendent of the school district then employing claimant sought to terminate him from his position effective April 28, 2014, which was approved the following month, effective that date. In June 2014, claimant faxed a certification and supporting documentation to the Workers' Compensation Board indicating that his condition had worsened and that he had "returned to disabled not working" status.

A hearing to address the awards and payments due to claimant was held on two dates in October 2014 and November 2014; claimant, who was not represented by counsel, appeared via telephone. At the first hearing, claimant was not specifically questioned regarding the circumstances under which he came to be unemployed; rather, the hearing focused upon whether a physician had advised claimant to cease working as a school bus driver and the corresponding need for medical documentation of claimant's condition at the point in time when he stopped working for the school district. When the hearing resumed in November 2014, claimant testified that he last worked on July 28, 2014 and that he had ceased working as a school bus driver "because of the bouncing around," "twisting" and "turning" associated with that position. Upon further inquiry, claimant indicated that he had retired in July 2014, but also acknowledged that he had been terminated for cause from his position with the school district in April 2014. When the Workers' Compensation Law Judge (hereinafter WCLJ) attempted to clarify this apparent inconsistency, claimant reiterated that he was terminated from his position in April 2014 but retired from the school district in July 2014 and confirmed that he was receiving a monthly pension therefrom.

Following a lengthy discussion regarding claimant's alleged violation of Workers' Compensation Law § 114-a (1), the WCLJ issued a decision finding, among other things, that no statutory violation occurred. In so doing, the WCLJ concluded that claimant "made no attempt to hide, disguise or deny [his] termination"; rather, claimant "acknowledged the termination[,] . . . explained the circumstances [leading] up to it in a credible and forthright manner" and addressed how his termination and his retirement were related. As a result, the request made by the employer and its workers' compensation carrier (hereinafter collectively referred to as the employer) to suspend claimant's benefits was denied, and claimant was excused from seeking employment pending additional medical testimony. Upon the employer's application for review, a Board

panel modified the WCLJ's decision, agreeing that claimant did not violate Workers' Compensation Law § 114-a (1), but finding that claimant's benefits should be suspended as of April 28, 2014 pending further development of the record on the issue of labor market attachment.* The employer's subsequent application for full Board review was denied, prompting this appeal.

We affirm. Workers' Compensation Law § 114-a (1) provides, in relevant part, that "[i]f for the purpose of obtaining compensation . . . , or for the purpose of influencing any determination regarding any such payment, a claimant knowingly makes a false statement or representation as to a material fact, such person shall be disqualified from receiving any compensation directly attributable to such false statement or representation." In this regard, "[t]he Board is the sole arbiter of witness credibility, and its determination as to whether a claimant violated Workers' Compensation Law § 114-a will not be disturbed if supported by substantial evidence" (*Matter of Cirrincione v Scissors Wizard*, 145 AD3d 1325, 1326 [2016]; *see Matter of Pompeo v Auction Direct USA LP*, 152 AD3d 1143, 1144 [2017]; *Matter of Snyder v Cring*, 140 AD3d 1554, 1554 [2016]).

Although claimant indeed initially represented that he had stopped working as a bus driver due to an overall worsening of his documented disability, he also readily acknowledged at the hearing that he had both been fired by and retired from the subject school district within a three-month interval. Both the WCLJ and the Board panel expressly addressed the arguable inconsistency in claimant's proof and concluded that claimant had not, in fact, knowingly made a false statement in order to recapture the full measure of benefits that he had enjoyed prior to his employment with the school district. In so finding, the WCLJ and Board panel credited claimant's explanation as to the connection between his termination and his retirement, which was bolstered by the fact that claimant actually was receiving a pension from the school district. On that point, claimant's layperson analysis of his entitlement to benefits and the corresponding impact of his termination thereon were taken into account. Under these circumstances, and given that credibility determinations are the sole province of the Board, we find that the Board's decision is supported by substantial evidence—notwithstanding other proof in the record that could support a contrary conclusion (*see Matter of Saratoga Skydiv-*

---

\* According to the Board panel's decision, a hearing on this issue was scheduled for April 2016.

*ing Adventures v Workers' Compensation Bd.*, 145 AD3d 1333, 1336 [2016]).

Egan Jr., J.P., Devine, Clark and Rumsey, JJ., concur. Ordered that the decision is affirmed, without costs.