Matter of Papadakis v Fresh Meadow Power NE LLC (2018 NY Slip Op 08728)





Matter of Papadakis v Fresh Meadow Power NE LLC


2018 NY Slip Op 08728


Decided on December 20, 2018


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: December 20, 2018

526239

[*1]MATT PAPADAKIS, Appellant,
v
FRESH MEADOW POWER NE LLC et al., Respondents. WORKERS' COMPENSATION BOARD, Respondent.

Calendar Date: November 13, 2018

Before: McCarthy, J.P., Lynch, Clark, Mulvey and Rumsey, JJ.


Schwartzapfel Lawyers, PC, Garden City (Sachin Gadh of counsel), for appellant.
Vecchione, Vecchione, Connors & Cano LLP, Garden City Park (Brian Anson of counsel), for Fresh Meadow Power NE LLC and another, respondents.



MEMORANDUM AND ORDER
Clark, J.
Appeal from a decision of the Workers' Compensation Board,
filed April 12, 2017, which ruled that claimant violated Workers' Compensation Law § 114-a and disqualified him from receiving future wage replacement benefits.
Claimant sustained work-related injuries to his head and face in January 2015 and was awarded workers' compensation benefits. In April 2016, it was disclosed that claimant had been placed under surveillance, and the issue of claimant's violation of Workers' Compensation Law § 114-a was raised. The case was continued for further hearings on this issue, after which a Workers' Compensation Law Judge ruled that claimant had violated Workers' Compensation Law § 114-a and, among other things, disqualified him from receiving future wage replacement benefits. The Workers' Compensation Board affirmed, and claimant appeals.[FN1]
Workers' Compensation Law § 114-a (1) provides that a claimant who "knowingly makes a false statement or representation as to a material fact . . . shall be disqualified from receiving any compensation directly attributable to such false statement or representation." The Board's determination as to whether a claimant violated this provision will not be disturbed if substantial evidence supports it (see Matter of Santangelo v Seaford U.F.S.D., 165 AD3d 1358, [*2]1359 [2018]; Matter of Harrison v Town of Cheektowaga, 155 AD3d 1286, 1288 [2017]; Matter of Snyder v Cring, 140 AD3d 1554, 1554 [2016]).
The record reflects that, at the end of October 2015, claimant represented to an independent medical examiner that, due to his injuries, he could not sit upright or stand without head support, became dizzy "from time-to-time," particularly when he repeatedly bent down or moved quickly, could not engage in play or activities with his son, was "severely depressed," engaged in "nothing social" and was sensitive to light and noise. However, at the hearing, the employer and its workers' compensation carrier submitted video surveillance footage of claimant that had been taken approximately two weeks prior that showed, among other things, claimant working on a project near the rear deck of his residence that involved lifting and carrying wood, engaging in an activity involving a soccer ball with a child, presumably his son, taking items out of the rear of a vehicle, including a paintball rifle, and carrying firewood and placing it into a pit. The independent medical examiner reviewed the video surveillance and testified that claimant appeared "quite active" and showed "no signs of any physical impairment" or "acute distress." He stated that what he saw in the video surveillance "was not consistent with," and "out of proportion from," what claimant reported in his office. The employer and its workers' compensation carrier also submitted social media evidence that consisted of several photographs posted between August 2015 and April 2016 depicting claimant socializing and smiling at various locations, including a Disney park and the beach. In our view, the Board's determination that claimant made false representations regarding material facts in violation of Workers' Compensation Law § 114-a is supported by substantial evidence and will not be disturbed (see Matter of Howard v Facilities Maintenance Corp., 143 AD3d 1032, 1032 [2016]; Matter of Poupore v Clinton County Hwy. Dept., 138 AD3d 1321, 1323-1324 [2016]; Matter of Hershewsky v Community Gen. Hosp., 125 AD3d 1068, 1068-1069 [2015]).
Claimant also challenges the Board's imposition of the discretionary sanction disqualifying him from receiving future wage replacement benefits. By not providing any reason for its imposition of this discretionary penalty, the Board failed to satisfy its obligation to "provide some basis for appellate review" (Matter of Losurdo v Asbestos Free, 1 NY3d 258, 267 [2003]; see Matter of Martinez v Kingston City Sch. Dist., 140 AD3d 1421, 1424 [2016]; cf. Matter of Jordan v Saratoga County Pub. Health Nurses, 45 AD3d 1074, 1075 [2007]). Accordingly, the matter must be remitted so that the Board can fulfill its obligation and "provide some explanation for its determination in this regard" (Matter of Losurdo v Asbestos Free, 1 NY3d at 267; see Matter of Martinez v Kingston City Sch. Dist., 140 AD3d at 1424; Matter of McCormack v Eastport Manor Constr., 19 AD3d 826, 828-829 [2005]; Matter of Bowes v Gulinello's Town & Country, 3 AD3d 805, 806 [2004]; compare Matter of Church v Arrow Elec., Inc., 69 AD3d 983, 985 [2010]).
McCarthy, J.P., Lynch, Mulvey and Rumsey, JJ., concur.
ORDERED that the decision is modified, without costs, by reversing so much thereof as disqualified claimant from receiving all future wage replacement benefits; matter remitted to the Workers' Compensation Board for further proceedings not inconsistent with this Court's decision; and, as so modified, affirmed.



Footnotes

Footnote 1: Contrary to the contention of the employer and its workers' compensation carrier, the alleged failure to timely serve the notice of appeal on the Office of the Secretary of the Board does not warrant dismissal of the appeal (see Matter of Santangelo v Seaford U.F.S.D., 165 AD3d 1358, 1359 n [2018]).