Matter of Angora v Wegmans Food Mkts., Inc. (2019 NY Slip Op 03118)





Matter of Angora v Wegmans Food Mkts., Inc.


2019 NY Slip Op 03118


Decided on April 25, 2019


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: April 25, 2019

526759

[*1]In the Matter of the Claim of MICHAEL ANGORA, Appellant,
v
WEGMANS FOOD MARKETS, INC., et al., Respondents. WORKERS' COMPENSATION BOARD, Respondent.

Calendar Date: March 20, 2019

Before: Garry, P.J., Egan Jr., Devine, Aarons and Pritzker, JJ.


Bronk & Somers PC, Rochester (Daniel A. Bronk of counsel), for appellant.
Nicosia Law, PC, Rochester (Edward G. Nicosia of counsel), for Wegmans Food Markets, Inc. and another, respondents.



MEMORANDUM AND ORDER
Pritzker, J.
Appeal from a decision of the Workers' Compensation Board, filed August 16, 2017, which ruled, among other things, that claimant violated Workers' Compensation Law § 114-a and disqualified him from receiving future indemnity benefits.
On August 25, 2015, claimant, an inbound warehouse receiver, sustained work-related injuries to his left shoulder while working in his employer's warehouse. He subsequently underwent arthroscopic surgery for his left shoulder, collected workers' compensation benefits between September 18, 2015 and February 13, 2016 and ultimately returned to work in March 2016. In January 2016, the employer requested a hearing on the issue of whether claimant violated Workers' Compensation Law § 114-a based upon surveillance video of claimant taken over multiple days from October 6, 2015 through January 10, 2016. Following a hearing, a Workers' Compensation Law Judge found, among other things, that, although claimant did not make any false statements or misrepresentations, he failed to disclose to his employer that he was engaged in private business activity for the purpose of making a profit while collecting indemnity benefits, in violation of Workers' Compensation Law § 114-a. Upon administrative review, the Workers' Compensation Board affirmed that portion of the Workers' Compensation Law Judge's decision finding that claimant violated Workers' Compensation Law § 114-a, modified the mandatory period of disqualification to the period from October 6, 2015 to April 4, 2016, and imposed a discretionary penalty disqualifying claimant from receiving future indemnity benefits. Claimant appeals.
We affirm. Workers' Compensation Law § 114-a (1) provides that a claimant who, for the purpose of obtaining disability compensation, or to influence any determination related to the payment thereof, "knowingly makes a false statement or representation as to a material fact . . . shall be disqualified from receiving any compensation directly attributable to such false statement or representation." For purposes of Workers' Compensation Law § 114-a (1), a fact is material "so long as it is significant or essential to the issue or matter at hand" (Matter of Losurdo v Asbestos Free, 1 NY3d 258, 265 [2003] [internal quotation marks and citation omitted]), and, in addition, "an omission of material information may constitute a knowing false statement or misrepresentation" (Matter of Kodra v Mondelez Intl., Inc., 145 AD3d 1131, 1133 [2016]; see Matter of Jordan v Saratoga County Pub. Health Nurses, 45 AD3d 1074, 1075 [2007]). "Whether a claimant has violated Workers' Compensation Law § 114-a is within the province of the Board, which is the sole arbiter of witness credibility, and its decision will not be disturbed if supported by substantial evidence" (Matter of Vazquez v Skuffy Auto Body Shop, 168 AD3d 1240, 1241 [2019] [internal quotation marks and citations omitted]; see Matter of Martinez v Kingston City Sch. Dist., 140 AD3d 1421, 1423 [2016]).
The medical reports of claimant's treating physician in the record dated September 18, October 30, December 1 and December 30, 2015 all reflect the physician's finding that claimant was temporarily totally disabled as a result of his work-related left shoulder injury. Notwithstanding his disability, claimant testified that, in November 2015, he opened a restaurant/bar business while he was receiving benefits for his work-related injury. Claimant acknowledged in his testimony that, while receiving said benefits, he performed work-related activities at his restaurant/bar, including receiving and entering orders into a computer, serving food and drinks and taking out the trash. Despite performing these activities in furtherance of his restaurant/bar business, claimant conceded that he did not notify his physician, his employer or the employer's accident services department about these activities or the establishment of his restaurant/bar business while he was out of work on disability. In view of the foregoing, we find that substantial evidence supports the Board's determination that claimant violated Workers' Compensation Law § 114-a by omitting and failing to disclose, for the purpose of obtaining workers' compensation benefits, his work activity at his restaurant/bar (see Matter of Vazquez v Skuffy Auto Body Shop, 168 AD3d at 1242; Matter of Kodra v Mondelez Intl., Inc., 145 AD3d at 1132-1133; Matter of Fighera v New York City Dept. of Envtl. Protection, 303 AD2d 861, 862-863 [2003], lv denied 100 NY2d 514 [2003]). Claimant's remaining contentions have been reviewed and found to be without merit.
Garry, P.J., Egan Jr., Devine and Aarons, JJ., concur.
ORDERED that the decision is affirmed, without costs.