Matter of Stone v Saulsbury/Federal Signal (2019 NY Slip Op 04250)





Matter of Stone v Saulsbury/Federal Signal


2019 NY Slip Op 04250


Decided on May 30, 2019


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: May 30, 2019

527345

[*1]In the Matter of the Claim of ROBERT STONE, Respondent,
v
SAULSBURY/FEDERAL SIGNAL et al., Appellants, et al., Respondent, WORKERS' COMPENSATION BOARD, Respondent.

Calendar Date: May 3, 2019

Before: Garry, P.J., Egan Jr., Lynch, Clark and Rumsey, JJ.


Gitto & Neifer, LLP, Binghamton (Jason M. Carlton of counsel), for appellants.
John L. Bardsley, Cortland, for Robert Stone, respondent.
Letitia James, Attorney General, New York City (Marjorie S. Leff of counsel), for Workers' Compensation Board, respondent.



MEMORANDUM AND ORDER
Garry, P.J.
Appeal from a decision of the Workers' Compensation Board, filed March 8, 2018, which ruled that claimant did not violate Workers' Compensation Law § 114-a.
In 2002, claimant sustained a compensable work-related injury to his lower back and was classified with a permanent partial disability. Because of a prior injury, claimant's indemnity benefits were apportioned equally between the current injury and a previously established compensable injury. In January 2016, defendant was found guilty of unlawful manufacture of methamphetamine in the third degree. As a result of being incarcerated, claimant's workers' compensation benefits were suspended. Upon his release from prison in 2017, claimant sought reinstatement of those benefits and the workers' compensation carriers raised the issue of claimant's violation of Workers' Compensation Law § 114-a.
Following a hearing, the Workers' Compensation Law Judge ruled that there was insufficient evidence to establish that claimant performed any work or made any false statements regarding work. The Workers' Compensation Board affirmed that determination. The employer and its workers' compensation carrier (hereinafter collectively referred to as the carrier) appeal.
Workers' Compensation Law § 114-a (1) provides, in relevant part, that "[i]f for the purpose of obtaining compensation . . ., or for the purpose of influencing any determination [*2]regarding any such payment, a claimant knowingly makes a false statement or representation as to a material fact, such person shall be disqualified from receiving any compensation directly attributable to such false statement or representation." "In making such a determination, the Board is the sole arbiter of witness credibility and its determination as to whether a claimant violated Workers' Compensation Law § 114-a will be upheld if supported by substantial evidence" (Matter of Pompeo v Auction Direct USA LP, 152 AD3d 1143, 1144 [2017]; see Matter of Harrison v Town of Cheektowaga, 155 AD3d 1286, 1288 [2017]; Matter of Adams v Blackhorse Carriers, Inc., 142 AD3d 1273, 1274 [2016]).
We are unpersuaded by the carrier's contention that claimant's criminal conduct constitutes work for purposes of Workers' Compensation Law § 114-a. To be guilty of unlawful manufacture of methamphetamine in the third degree, a person must possess, at the same time and location, "[t]wo or more items of laboratory equipment and two or more precursors, chemical reagents or solvents in any combination," with the intent to use such products to unlawfully manufacture, prepare, or produce methamphetamine, or knowing that another intends to do so (Penal Law § 220.73 [1]). The elements of the crime do not require that any work be performed. Substantial evidence supports the Board's finding that the conviction alone is insufficient to establish any work activity by claimant or that he received any type of remuneration (see Matter of Pompeo v Auction Direct USA LP, 152 AD3d at 1144; cf. Matter of Adams v Blackhorse Carriers, Inc., 142 AD3d at 1274-1275; Matter of Johnson v New York State Dept. of Transp., 305 AD2d 927, 927-928 [2003]).
As to the hearsay testimony of a witness at claimant's criminal trial that claimant was hired to help remove debris from property after a fire, the Board noted that such testimony was not credited by the jury. As the sole arbiter of witness credibility, the Board was free to credit claimant's denial that he was ever hired to do such work (see Matter of Harrison v Town of Cheektowaga, 155 AD3d at 1288). According deference to the Board's credibility determinations, we find that substantial evidence supports the Board's finding that the evidence presented failed to establish that claimant violated Workers' Compensation Law § 144-a, and its decision will not be disturbed.
We have reviewed the carrier's remaining contentions, including its estoppel argument and that claimant's conspiracy conviction constitutes work, and find them to be without merit.
Egan Jr., Lynch, Clark and Rumsey, JJ., concur.
ORDERED that the decision is affirmed, without costs.