Matter of Felicello (Marlboro Cent. Sch. Dist.) (2019 NY Slip Op 09070)





Matter of Felicello (Marlboro Cent. Sch. Dist.)


2019 NY Slip Op 09070


Decided on December 19, 2019


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: December 19, 2019

528308

[*1]In the Matter of the Claim of Frank Felicello, Appellant, Marlboro Central School District et al., Respondents. Workers' Compensation Board, Respondent.

Calendar Date: November 13, 2019

Before: Mulvey, J.P., Devine, Aarons and Pritzker, JJ.


Kirk & Teff, LLP, Kingston (William J. Kistner III of counsel), for appellant.
Sullivan Keenan Oliver & Violando, LLP, Albany (Michael J. Keenan of counsel), for Marlboro Central School District and another, respondents.



Pritzker, J.
Appeal from a decision of the Workers' Compensation Board, filed June 6, 2018, which ruled, among other things, that claimant violated Workers' Compensation Law § 114-a and disqualified him from receiving future indemnity benefits.
In October 2013, claimant, a physical education teacher, sustained work-related injuries when he tripped over a student's duffel bag and fell to the ground. His subsequent claim for workers' compensation benefits was uncontroverted and, in July 2014, established for injuries to his right shoulder, right knee, right hip and lower back. On August 21, 2014, claimant retired from his employment due to his injuries, and the self-insured employer and its third-party administrator thereafter raised the issue of whether claimant voluntarily withdrew from the labor market. Following hearings and claimant's testimony on this issue, the employer raised the issue of whether claimant violated Workers' Compensation Law § 114-a,[FN1] contending that claimant falsely testified that he was informed by his physicians that he could not return to work due to his injuries and that he should retire. A Workers' Compensation Law Judge found, among other things, that claimant violated Workers' Compensation Law § 114-a, and the Workers' Compensation Board ultimately upheld that determination. Having found that claimant's testimony regarding his reasons for retirement was completely false and that claimant's false representations in this regard were egregious, the Board, in addition to the mandatory penalty, imposed a discretionary penalty that permanently disqualified claimant from receiving any future indemnity benefits. Claimant appeals.
We affirm. Workers' Compensation Law § 114-a (1) provides that a claimant who "knowingly makes a false statement or representation as to a material fact . . . shall be disqualified from receiving any compensation directly attributable to such false statement or representation." For purposes of Workers' Compensation Law § 114-a, "a fact is material . . . so long as it is significant or essential to the issue or matter at hand" (Matter of Losurdo v Asbestos Free, 1 NY3d 258, 265 [2003] [internal quotation marks and citation omitted]; see Matter of Angora v Wegmans Food Mkts., Inc., 171 AD3d 1419, 1420 [2019]). "Whether a claimant has violated Workers' Compensation Law § 114-a is within the province of the Board, which is the sole arbiter of witness credibility, and its decision will not be disturbed if supported by substantial evidence" (Matter of Vazquez v Skuffy Auto Body Shop, 168 AD3d 1240, 1241 [2019] [internal quotation marks and citations omitted]; see Matter of Eardley v Unatego Cent. Sch. Dist., 153 AD3d 1460, 1460-1461 [2017]; Matter of Hershewsky v Community Gen. Hosp., 125 AD3d 1068, 1068 [2015]).
At the December 2015 hearing, claimant testified that, when he retired from his job, he informed his employer that he was "no longer capable of performing [his] duties" as a physical education teacher due to his injuries. When asked whether a physician told him that he needed to retire due to his injuries, claimant testified that three physicians informed him that he "could not go back to work anymore as a physical education [teacher]" and that he "would no longer be able to teach the physical education classes." At the ensuing February 2016 hearing, claimant again testified that he "retired because [his physician] and the other doctor said [that he] couldn't do [his] phy[sical] ed[ucation] job anymore." When asked again whether his testimony was that two physicians informed him that he could not perform his work and that he needed to retire, claimant stated yes.
Michael Schweppe, one of claimant's treating physicians, testified, based upon his treatment of claimant and upon reviewing all of his medical reports detailing that treatment, that it was unlikely that claimant could return to work as a physical education teacher. Schweppe stated, however, that he did not tell claimant that he would be unable to return to his job and did not say that it would be "impossible" to return to work. Richard Perkins, another physician who provided treatment to claimant from October 2013 through January 2015, testified that he did not make any statements to claimant regarding whether he would be unable to return to work as a physical education teacher and did not tell him that he should retire due to his injuries. Richard Dentico, a physician specializing in physical medicine and rehabilitation who treated claimant and reviewed his treatment notes through March 2015, testified that, although he did not release claimant to return to work, he did not discuss with claimant any "long-term plan . . . regarding work" or the possibility of retirement. The foregoing testimony establishes that none of claimant's physicians advised or recommended to claimant to retire from his employment as a physical education teacher, and the record further reflects that permanency has not been established, as claimant requires active treatment and has not reached maximum medical improvement. Accordingly, in view of the foregoing, we conclude that substantial evidence supports the Board's determination that claimant violated Workers' Compensation Law § 114-a by making false representations and omissions regarding material facts about what his physicians recommended to him regarding his retirement and for the purpose of obtaining workers' compensation benefits (see Matter of Vazquez v Skuffy Auto Body Shop, 168 AD3d at 1241-1242; Matter of Kodra v Mondelez Intl., Inc., 145 AD3d 1131, 1133 [2016]; Matter of Jacob v New York City Tr. Auth., 26 AD3d 631, 632 [2006]).
With regard to claimant's contention that the discretionary penalty is disproportionate to the nature of the Workers' Compensation Law § 114-a violation, we find his contention to be without merit. The Board found that, on two separate hearing dates, claimant testified that his physicians told him that he could no longer work as a physical education teacher due to his injuries. The Board found claimant's persistent testimony in this regard to be "completely false" and determined that the "nature and extent of the misrepresentation[s]" regarding the reasons for his retirement were significant and "egregious" (Matter of Swiech v City of Lackawanna, 174 AD3d 1001, 1004 [2019]). In view of the substantial and repeated misrepresentations concerning the reasons for his retirement (see Matter of Vazquez v Skuffy Auto Body Shop, 168 AD3d at 1242), we are not persuaded by claimant's argument that the discretionary penalty of disqualifying claimant from receiving future awards is disproportionate to his misrepresentations (see Matter of Ledney v Boat-N-RV Warehouse, 174 AD3d 1245, 1246-1247 [2019]; Matter of Swiech v City of Lackawanna, 174 AD3d at 1004; Matter of Adams v Blackhorse Carriers, Inc., 142 AD3d 1273, 1275 [2016]; compare Matter of Kodra v Mondelez Intl., Inc., 145 AD3d at 1133-1134). To the extent that claimant's remaining contentions are properly before us, they have been considered and found to be without merit.
Mulvey, J.P., Devine and Aarons, JJ., concur.
ORDERED that the decision is affirmed, without costs.



Footnotes

Footnote 1: Although the issue was formerly raised for the first time in the employer's posthearing memorandum, the employer and its third-party administrator protectively reserved its right — at the December 2015 hearing — to raise the question of whether claimant violated Workers' Compensation Law § 114-a.