Matter of Nappi v Verizon N.Y. (2022 NY Slip Op 03163)

Matter of Nappi v Verizon N.Y.

2022 NY Slip Op 03163

Decided on May 12, 2022

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:May 12, 2022

533384
[*1]In the Matter of the Claim of Donato Nappi, Appellant,
v
Verizon New York et al., Respondents. Workers' Compensation Board, Respondent.

Calendar Date:March 25, 2022

Before:Garry, P.J., Lynch, Aarons, Colangelo and Ceresia, JJ.

Fine, Olin & Anderman, LLP, White Plains (Vincent J. Rossillo of counsel), for appellant.
Wolf, Goodrich & Goldman, Syracuse (Alicia M. Blair of counsel), for Verizon New York and another, respondents.

Lynch, J.
Appeal from a decision of the Workers' Compensation Board, filed April 27, 2021, which ruled, among other things, that claimant violated Workers' Compensation Law § 114-a and imposed penalties.
Claimant, a material systems technician for the employer, filed a claim for workers' compensation benefits in November 2018, alleging that he sustained an injury to his right shoulder on October 26, 2018. The C-3 form completed by claimant reflected that he had sustained a prior injury to his right shoulder, but claimant did not indicate whether he received treatment for such injury or identify any treatment providers. The claim subsequently was established for a work-related injury to claimant's right shoulder, and awards were made from February 4, 2019 to June 15, 2019. In the interim, claimant was diagnosed with a rotator cuff tear and had surgery in March 2019.
After claimant underwent two independent medical examinations, the employer's workers' compensation carrier filed a request for further action raising a potential violation of Workers' Compensation Law § 114-a — specifically, claimant's failure to disclose prior medical treatment to his right shoulder. Following the receipt of claimant's testimony and the deposition of one of his treating providers, a Workers' Compensation Law Judge concluded, among other things, that there was insufficient evidence to support a violation of Workers' Compensation Law § 114-a and continued the case. Upon administrative review, the Workers' Compensation Board — in a lengthy and detailed decision — modified that decision by finding that claimant did in fact violate Workers' Compensation Law § 114-a. As to penalty, the Board imposed the mandatory penalty — rescinding the award of workers' compensation benefits made from February 4, 2019 to June 15, 2019 — and, further, imposed a discretionary penalty of permanent disqualification from receiving wage replacement benefits with respect to this claim (see Matter of Losurdo v Asbestos Free, 1 NY3d 258, 265 [2003]). This appeal by claimant ensued.
We affirm. Workers' Compensation Law § 114-a (1) provides, in relevant part, that a claimant who, for the purpose of obtaining workers' compensation benefits or influencing any determination relative thereto, "knowingly makes a false statement or representation as to a material fact . . . shall be disqualified from receiving any compensation directly attributable to such false statement or representation" (see Matter of Kornreich v Elmont Glass Co., Inc., 194 AD3d 1322, 1322-1323 [2021]; Matter of Williams v New York City Dept. of Corr., 188 AD3d 1382, 1383 [2020]). "A fact will be deemed material so long as it is significant or essential to the issue or matter at hand, and an omission of material information may constitute a knowing false statement or misrepresentation" (Matter of Williams v New York City Dept. of Corr., 188 AD3d at 1383 [internal quotation marks, ellipsis and citations omitted]; see Matter of Sanchez [*2]v US Concrete, 194 AD3d 1287, 1288 [2021]; Matter of Kodra v Mondelez Intl., Inc., 145 AD3d 1131, 1133 [2016]). Exaggerating one's symptoms and/or downplaying the significance of preexisting conditions, prior injuries or treatment also have been found to rise to the level of a material, false misrepresentation (see Matter of Peck v Donaldson Org., 191 AD3d 1078, 1079 [2021]; Matter of Dishaw v Midas Serv. Experts, 27 AD3d 921, 922 [2006]). "Whether a claimant has violated Workers' Compensation Law § 114-a is within the province of the Board, which is the sole arbiter of witness credibility, and its decision will not be disturbed if supported by substantial evidence" (Matter of Kornreich v Elmont Glass Co., Inc., 194 AD3d at 1323 [internal quotation marks and citations omitted]; see Matter of Sidiropoulos v Nassau Intercounty Express, 178 AD3d 1266, 1267 [2019]). In addition to imposing the mandatory penalty, i.e., rescinding the workers' compensation benefits already paid, the Board is vested with the authority — as an exercise of its discretion — to disqualify a claimant from receiving any future benefits (see Matter of Barros v John P. Picone, Inc., 188 AD3d 1397, 1398-1399 [2020]; Matter of Adams v Blackhorse Carriers, Inc., 142 AD3d 1273, 1274 [2016]).
The record fully supports the Board's finding that claimant violated Workers' Compensation Law § 114-a by failing to consistently and affirmatively disclose that he had been receiving treatment for pain in his right shoulder since 2016 and had been diagnosed with bursitis in 2017. Although claimant acknowledged on the C-3 form that he had sustained a prior injury to his right shoulder, neither the C-3 form nor the accompanying medical release identified any treatment providers. Similarly, although certain of claimant's treating physicians were aware of claimant's prior right shoulder injury and ensuing course of treatment, claimant failed to disclose such information on the intake forms that he completed for the independent medical examinations conducted, and the reports completed by each of the evaluating physicians reflected that claimant denied any prior injuries to his right shoulder and that his onset of shoulder symptoms coincided with his work-related accident. Notably, it was not until after the carrier raised the issue of a Workers' Compensation Law § 114-a violation that claimant advised one of the independent medical examiners that he previously had been diagnosed with bursitis. Although claimant testified that he was confused by or misunderstood the intake forms — purportedly believing that such questions regarding his medical history pertained only to his documented rotator cuff tear and not his prior diagnosis of bursitis — such testimony presented a credibility issue for the Board to resolve (see Matter of Williams v New York City Dept. of Corr., 188 AD3d at 1383-1384; Matter of Kodra v Mondelez Intl., Inc., 145 AD3d at 1133). The Board was free to reject claimant's self[*3]-serving explanations, and, given that the record as a whole demonstrates that claimant downplayed or was less than forthcoming regarding his preexisting shoulder condition and treatment, we discern no basis upon which to disturb the Board's finding that claimant's affirmative misrepresentations and/or omissions constituted a violation of Workers' Compensation Law § 114-a (see Matter of Williams v New York City Dept. of Corr., 188 AD3d at 1383-1384; Matter of Kodra v Mondelez Intl., Inc., 145 AD3d at 1133; Matter of Husak v New York City Tr. Auth., 40 AD3d 1249, 1250-1251 [2007]; Matter of Dishaw v Midas Serv. Experts, 27 AD3d at 922; Matter of Passari v New York City Hous. Auth., 13 AD3d 853, 854-855 [2004]). Accordingly, rescission of the benefits previously awarded was entirely proper.
As to the discretionary penalty imposed, "judicial review of an administrative penalty is limited to whether the penalty constitutes an abuse of discretion as a matter of law and, as such, a penalty must be upheld unless it is so disproportionate to the offense as to be shocking to one's sense of fairness, thus constituting an abuse of discretion as a matter of law" (Matter of Barros v John P. Picone, Inc., 188 AD3d at 1400 [internal quotation marks, brackets, ellipses and citations omitted]; accord Matter of Lopez v Clean Air Quality Servs. Inc., 198 AD3d 1038, 1039 [2021]). Although the penalty of permanent disqualification typically is reserved for situations where "the underlying deception has been deemed egregious or severe, or there was a lack of mitigating circumstances" (Matter of Kodra v Mondelez Intl., Inc., 145 AD3d at 1133-1134 [internal quotation marks and citation omitted]; accord Matter of Acranom Masonary Inc., 193 AD3d 1315, 1317 [2021]), this Court — in the context of reviewing the penalty imposed — "may neither second-guess the [Board] nor substitute its own judgment for the action taken" (Matter of Liguori v Beloten, 76 AD3d 1156, 1158 [2010], lv denied 16 NY3d 702 [2011]).
Here, the Board expressly found claimant's documented lack of candor to be sufficiently egregious and severe to warrant the discretionary penalty of permanent disqualification from receiving future benefits. In support of such penalty, the Board noted claimant's belated disclosure of his prior diagnosis of bursitis and, more significantly, his corresponding failure to apprise the independent medical examiners of his ongoing shoulder pain and treatment in the weeks leading up to his work-related accident. As the Board provided a cogent explanation for the discretionary penalty imposed, we will not disturb it (see Matter of Kornreich v Elmont Glass Co., Inc., 194 AD3d at 1323-1324; Matter of Adams v Blackhorse Carriers, Inc., 142 AD3d at 1275; compare Matter of Kodra v Mondelez Intl., Inc., 145 AD3d at 1133-1134). Claimant's remaining arguments, to the extent not specifically addressed, have been examined and found to be lacking in merit.
Garry, P.J., Aarons, Colangelo [*4]and Ceresia, JJ., concur.
ORDERED that the decision is affirmed, with costs.